**Ivan SZILVASSY, Plaintiff,**

v.

**UNITED STATES of America and William Savage, Defendants.**

**No. 73 Civ. 4272 (CHT).**

United States District Court, S. D. New York.

July 13, 1976.

Jerome Edelman, Edelman, Berger, Peters & Koshel, P. C., Brooklyn, N. Y., for plaintiff.

Thomas J. Cahill, U. S. Atty., S. D. N. Y., New York City, for defendants; Dennison Young, Jr., Asst. U. S. Atty., New York City, of counsel.

TENNEY, District Judge.

Defendant, the United States of America ("the Government"), seeks an order of this Court dismissing the complaint in this action pursuant to Rules 37(b) and (d) of the Federal Rules of Civil Procedure as a result of plaintiff's alleged obstruction of the defendant's attempts to conduct discovery. Additionally, the Government seeks an order awarding expenses including, but not limited to, attorney's fees against plaintiff and/or his attorneys incidental to the making of this motion. For the reasons set forth below, the motion to dismiss the complaint is denied and the motion for the assessment of expenses is granted.

The Government, in support of its motion, contends that plaintiff has failed to comply properly with the Court's order directing plaintiff to answer fully all interrogatories and to respond to requests for documents; that plaintiff has failed to reasonably supplement those responses he has made, as otherwise required pursuant to Rule 26(e) of the Federal Rules of Civil Procedure; that plaintiff has specifically failed to turn over medical information which he elsewhere stated that he had turned over; that plaintiff has failed to execute the normal medical information release forms requested of him; and most significantly, that plaintiff has failed to appear at his own properly noticed deposition. The Government contends that the combined impact of these actions has so obstructed the discovery process in this case that a dismissal of the complaint or, at the very least, the imposition of costs is proper.

Plaintiff's counsel, in opposing the Government's motion, have stated that they have made a good faith effort to answer all interrogatories. They further state that their failure to produce plaintiff for his deposition was the result of the dissolution of their law firm and the general disruptive effect which the dissolution had on their caseload during this period. Plaintiff claims finally that no prejudice has accrued to the Government as a result of these difficulties with the discovery process.

The following facts are uncontroverted: this is a personal injury action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, wherein plaintiff claims that he was injured when struck by a United States Postal Service vehicle while crossing a street. The action was commenced on October 11, 1973.

Defendant first served interrogatories and requests for documents on plaintiff's attorneys on April 19, 1974. The return date of the interrogatories was extended by stipulation and, on June 7, 1974, plaintiff's answers were served. The Government found the responses to be inadequate. The parties then attempted to resolve their difficulties amicably but failed in this effort.

Thereafter, on August 27, 1974, the Government moved to compel answers to the interrogatories. The motion was resolved in favor of the Government on September 16, 1974, the Court stating that plaintiff must "answer fully each and every [one] of defendant's interrogatories and produce for inspection each and every document requested by defendant, and serve said answers and documents on defendant no later than the 16th day of September, 1974."

The above order was amended to allow answers by October 25, 1974. Once again, the Government found the responses to be inadequate and the documents produced also deficient.

The Government, on November 19, 1975, noticed the plaintiff for a physical examination to be conducted on December 8, 1975. At the same time the Government, by letter dated November 19, 1975, requested that plaintiff execute hospital record release forms authorizing both Bellevue and Beth Israel Hospitals to release plaintiff's hospital records. It was the Government's intention to use these records in preparation for plaintiff's physical examination. After the above correspondence and a subsequent telephone contact, no response from plaintiff was forthcoming and, on December 5, 1975, the Government noticed the depositions of Beth Israel Hospital for December 16, 1975, and Bellevue Hospital for December 18, 1975. Plaintiff failed to appear for his physical examination on December 8. Several telephonic communications followed and, by letter dated December 11, 1975, the Government rescheduled the examination for December 22, 1975. Plaintiff's counsel then called the Government on December 15, 1975, and requested an adjournment of the Beth Israel deposition scheduled for the next day. Since the deposition had been brought on by subpoena and set for a time certain, the Government felt obliged to go forward as scheduled and declined the request for an adjournment. Plaintiff's counsel stated that he would attend the deposition and that plaintiff would attend the rescheduled physical exam on December 22. Plaintiff's counsel did not appear at either

of the depositions. Plaintiff did appear for his physical examination on December 22, 1975.

During the course of plaintiff's physical examination a previously undisclosed medical report written by plaintiff's physician was produced and it was learned that plaintiff had been examined again on December 19, 1975, and further x-rays taken. In light of these revelations and the fact that the Government had, on December 8, 1975, noticed plaintiff's deposition for January 14, 1976, the Government contacted plaintiff's counsel on several occasions to remind plaintiff's counsel of their duty both pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and the previous order of this Court to seasonably supplement their responses, including answers to interrogatories and requested document production. Also, medical release forms were once again requested. At the time of filing of the instant motion on January 26, 1976, no updated responses nor medical releases had been received by the Government.

As mentioned previously, plaintiff's deposition had been noticed for January 14, 1976. In its letters of December 11 and December 23, 1975, the Government reminded plaintiff's counsel of this commitment. On the 13th of January, however, a secretary in the office of plaintiff's counsel telephoned counsel for the Government and requested a two week adjournment of the deposition. A series of phone calls followed with the representative of plaintiff's counsel explaining that two of the lawyers in the firm were called to a trial in the Eastern District of New York and counsel for the Government refusing to adjourn the deposition at the eleventh hour. At the appointed hour of the deposition, no representative appeared on behalf of plaintiff. When counsel for the Government returned to his office he found a letter dated January 13, 1976, signed by the secretary to plaintiff's counsel stating that the deposition could not go forward as scheduled since plaintiff's counsel were engaged in a trial in the Eastern District.

As stated earlier, plaintiff's opposition to this motion is premised upon his good faith attempt to comply with all discovery requests and with the previous order of this Court, upon the difficulty plaintiff's counsel had in subscribing to the schedules set by the Government due to the dissolution of plaintiff's counsel's law firm, and upon the lack of prejudice to the Government as a result of these occurrences. With this conclusion, the Court cannot agree. At best, the conduct displayed by counsel for the plaintiff evidences serious neglect clearly not countenanced by either the Federal Rules of Civil Procedure or the Canons of Ethics. Several factors enter into the Court's view of the case.

Plaintiff's initial responses to the Government's interrogatories and requests for documents were plainly inadequate. Many of the interrogatories were not answered at all, some were answered in a fashion that can at best be described as incomplete and evasive, and some were subject to objection without even a hint of the reason for the objection when this is clearly mandated by Rule 37. The document production was also deficient. It is the opinion of the Court that no serious effort was made by counsel for plaintiff to comply with the spirit of the Federal Rules of Civil Procedure. This lack of effort resulted in unnecessary motion practice—unnecessary since there were no hotly disputed areas where discovery was challenged. In fact, no application for a protective order has ever been made on behalf of plaintiff.

In response to the Court's order that plaintiff answer fully all interrogatories and produce all documents requested, plaintiff supplied a second set of answers. This second set of answers and the documents produced therewith were also deficient. The Government has outlined a great number of the deficiencies in Exhibit "A" attached to its Notice of Motion and the Court will not reproduce them here.[1] Suffice it to say that the Court has carefully examined the responses and feels that

plaintiff did not comply with the previous order regarding these areas of discovery. Once again, the Court would note that there was no attempt by plaintiff to seek redress under the Federal Rules in areas where genuine disputes might have arisen. Rather, the course of conduct engaged in by plaintiff appears to have been calculated to thwart the orderly process of discovery.

In response to the instant motion, a third set of answers was served on the Government. This would seem to bear further witness to the inadequacy of the previous responses. Also, this third set of answers was not signed by plaintiff nor even verified by him as called for by Rule 33 of the Federal Rules of Civil Procedure.

The Government, on numerous occasions, reminded plaintiff's counsel of their duty to seasonably supplement responses as mandated by Rule 26(e) of the Federal Rules. Despite these constant reminders that the Government was concerned with the supplementation of previously received responses, there was no attempt made to comply. As merely one example of the dereliction in this area the Court notes the topic of medical records. In response to a Government interrogatory, plaintiff responded in his first set of answers that all of the medical records of Beth Israel Hospital had been supplied. Only when the Government proceeded to depose the hospital did it learn how inaccurate the previous response had been. Among the documents not produced by plaintiff were the nurses' notes, nursing history, the progress notes of Joseph B. Rogoff, M.D., the treating physician's report of operation and the treating physician's discharge summary. These documents are certainly material in a personal injury case. The initial response of the plaintiff was not adequate and the duty to supplement was breached. This example, one of the more blatant, is cited by the Court for illustrative purposes and the Court will not set forth all of the shortcomings in this area. Once again, however, the Court should point out that the conduct of

---

1. The Court will not reproduce these examples of deficient responses both because of their numerosity and because they are essentially uncontroverted in substance.

plaintiff's counsel here resembles just so much foot-dragging. There was never a genuine challenge to any of the Government's discovery requests.

The Government made numerous requests for medical record release forms. These were never supplied by plaintiff. As a result, the Government was forced to depose both Beth Israel Hospital and Bellevue Hospital. The depositions had been noticed on December 5, 1975. The Beth Israel deposition was scheduled for December 16, 1975. On December 15, a request for an adjournment of the deposition was received by the Government. At this late date an adjournment was not possible. Plaintiff subsequently failed to appear at either of the hospital depositions.

The Government properly noticed the physical examination of plaintiff. Several subsequent reminders were also sent to plaintiff. Nevertheless, plaintiff failed to appear for the examination. No request for an adjournment was made nor was any explanation given.

Similarly, plaintiff's deposition was properly noticed some five weeks in advance of the scheduled date. Again, there were several reminders of the impending deposition. No attempt was made to block or seasonably adjourn the deposition. Only on the day before the deposition was scheduled to take place did the Government receive a phone call from a secretary in plaintiff's counsel's offices requesting an adjournment on the ground that the two attorneys familiar with the case had been called to a trial in the Eastern District of New York. The Government denied this request made, once again, on the eve of a scheduled discovery event. Some subsequent investigation has revealed, however, that the trial in the Eastern District began on the 7th or 8th of January and that the notices appeared in the New York Law Journal as early as January 5. Thus, the Court can fairly conclude that plaintiff's counsel had notice of the trial by January 5th, and there is no reason why a request for an adjournment could not have been made at a more reasonable time.

Plaintiff's counsel has attempted to ascribe many of their defalcations to the fact that their law firm underwent a dissolution and reorganization. This is a contention without merit. First of all, no timely request for any kind of time consideration was made upon this basis. Moreover, the agreement dissolving the firm was signed on December 10, 1975, and as such was sufficiently far in advance of many of the discovery procedures to allow the law firm to cover their bases. This conclusion is buttressed by the fact that plaintiff was accompanied by counsel to the rescheduled physical examination on December 22. Thus, it was possible for the firm to perform when it was deemed to be convenient to them. It appears from the papers that five attorneys in counsel's firm have been involved with this case on behalf of plaintiff during the life of the action and that at least three of those lawyers appear to be associated with the firm at this date. Additionally, the attorney who signed the original designation sheet in this case back in 1973 is the same attorney who signed the most recent piece of correspondence with regard to this motion. Thus, there has been some continuity throughout the entire life of this three-year-old case as well as throughout the dissolution period. In conclusion, the Court notes that the Canons of Ethics hardly condone the neglect of a client's cause for this reason.

There has never been any claim by plaintiff or his counsel that any of the notices or correspondence in this case was not received. There has never been any attempt to oppose discovery requests based on substantive objections, and, in fact, all of the Government's discovery requests to date have been quite proper. Plaintiff's counsel consistently avoided timely requests for adjournments in favor of eleventh hour requests. Letters and phone calls from the Government were routinely ignored. In sum, the Court sees a conscious attempt to obstruct discovery at every turn.

Rule 37(b) provides in pertinent part:
"(b) Failure to Comply with Order.

.    .    .    .    .

"(2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . . .

"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

. . . . .

"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances made an award of expenses unjust."

This Court holds that the plaintiff has failed to obey the previous order of this Court and has otherwise obstructed the orderly process of discovery contemplated by the Federal Rules of Civil Procedure and that an appropriate sanction is necessary. The actions of plaintiff and his counsel were of a quality that can only be characterized as grossly negligent at best.

An examination of the cases leads this Court to the conclusion that a dismissal with prejudice is within the discretion of the Court on the facts as they exist herein. Since it is not clear to what extent, if any, plaintiff was at fault, and since it is abundantly clear to what extent plaintiff's counsel is at fault (as described above), the Court declines to dismiss the action, but will require plaintiff's counsel (and not plaintiff) to pay the reasonable expenses of this motion, including attorney's fees.[2] Implicit in this holding is the Court's finding that the failure to obey the Court's previous order and the other obstructions of the discovery process were not substantially justified.

The matter is hereby referred to the Honorable Leonard A. Bernikow, United States Magistrate, for a hearing and determination of the amount of expenses incurred by the Government incidental to the making of this motion.

Accordingly, the motion to dismiss is denied and plaintiff's counsel is ordered to pay the reasonable expenses, including attorney's fees, to which the Government was put in making this motion.

So ordered.

---

**2.** This procedure has been employed in a recent case in this district. *McCullen v. Nouvelle Compagnie de Paquebots*, 75 Civ. 3113 (S.D. N.Y., June 23, 1976). *Cf. Independent Investor Protector League v. Teleprompter*, 73 Civ. 4133 (S.D.N.Y., January 13, 1976).