583 P.2d 260

**Margaret Ruth GOLLEHER, Individually and as the Personal Representative of the Estate of Arthur Raymond Hunter, Jr., Deceased, Appellant,**

v.

**Mary B. Martin HORTON and Herschel Horton, husband and wife, Joseph William Hunter and Victoria Hunter, husband and wife, Margaret Louise Hunter Haus, a single woman, Jennie Barbara Hunter Sandoz, a single woman, Phylis Mildred Hunter Garner, a single woman, A. R. Hunter, Sr. and Molly Hunter, husband and wife, Hunter Holding Corporation, an Arizona Corporation and Correne Hunter Kelly, a married woman, Appellees.**

**No. 1 CA–CIV 3662.**

Court of Appeals of Arizona, Division 1, Department A.

April 11, 1978.

Rehearing Denied June 28, 1978.

Review Denied July 18, 1978.

R. Kelly Hocker, Glynn W. Gilcrease, Jr., Tempe, for appellants.

Lewis & Roca by John P. Frank, Charles Crehore, Richard W. Bowers, Phoenix, for appellees.

## OPINION

NELSON, Judge.

This matter is before the court as the result of an appeal taken by the plaintiff below, Margaret Ruth Golleher (Golleher) from the dismissal of her complaint for failure to comply with the trial court's order to produce a certain savings account passbook during the discovery phase of this lawsuit. See Rule 37(b)(2)(C), Rules of Civil Procedure, 16 A.R.S.

This was a suit by Golleher against her father's sister, Mary B. Martin Horton (Horton), alleging that Horton obtained a power of attorney from her now deceased father, Arthur Raymond Hunter, Jr., at a time when he was incompetent and thereafter wrongfully and fraudulently administered that power of attorney. Golleher, suing both in her individual capacity and as the personal representative of the estate of her father, sought to regain for the estate certain property and for general damages in the amount of $5,000,000.

The complaint was filed on April 1, 1974. Thereafter an answer, a third party complaint (seeking essentially indemnification from Golleher's mother, Correne Hunter Kelly), an answer thereto and a counterclaim were also filed. Vigorous discovery was undertaken, including interrogatories, depositions, and at least two sets of requests for admissions.

As a result of a deposition taken of Golleher in February of 1976, the appellees sought Golleher's production of a savings account passbook. The passbook was initially sought informally. Golleher's attorney furnished one page. On March 31, 1976, a motion to produce the document was filed. When no response was forthcoming, a motion to dismiss or compel discovery was filed on May 4, 1976. In a minute entry order dated May 17, 1976, the trial court, among other things, denied the motion to

dismiss and indicated that he would be disposed to grant appellees' request for production of the passbook if the appellees would be more specific.

On June 7, appellees filed an additional motion to dismiss, urging that there was in fact no confusion, that Golleher's counsel knew what document was desired and simply refused to produce it. Golleher's counsel responded with a pleading dated June 14, 1976, indicating that appellees' counsel had not been specific as required by the trial court and that as soon as he was, the passbook, or the relevant portions thereof, would be forthcoming. In the alternative, counsel suggested that if the request was specific as required by the court, proper objection could be made if the matter was not discoverable.

On June 23, 1976, appellees' counsel filed a reply to Golleher's attorneys' response, urging no lack of specificity existed and that counsel was simply avoiding the order and making belated objections he should have made months earlier.

On June 28, 1976, oral argument was heard before the trial court. The judge denied the motion to dismiss and entered the following order:

"IT IS ORDERED that Plaintiff [Golleher] shall furnish passbook and records in question, to the Defendant [Horton, et al], within ten days from todays date. Failure to do so will result in dismissal of Plaintiff's Complaint."

On July 1, 1976, a "passbook" was delivered to the attorney for the appellees. The passbook covered a time period up to October of 1970 and indicated a transfer to another book. The record is clear that a time period after October of 1970 was in question. On July 9, 1976, one day after the expiration of the ten days set by the court in its June 28th order, a second passbook was delivered. On July 12, 1976, as a result of another petition for dismissal filed by appellees' counsel, the trial court entered a minute order dismissing the cause with leave to refile. The final written order of dismissal was filed July 20, 1976. A motion to set aside was thereafter denied, and,

after additional procedural problems were resolved, the matter was brought here on appeal.

While this court is in complete agreement with the trial court concerning the conduct of R. Kelly Hocker, the principal attorney for Golleher, particularly following the June 28, 1976 order to produce, we nonetheless view the sanction imposed, as it impacts upon the client, an abuse of discretion in light of the Arizona decisions on this subject.

■ The trial court has, of course, a broad discretion in imposing sanctions under Rule 37(b)(2), *supra.* *Fleitz v. Van Westrienen,* 114 Ariz. 246, 560 P.2d 430 (App.1977). This discretion, however, as to the ultimate sanctions of dismissal and/or entry of default judgment, has been rather severely limited by the decisions of this state as well as courts of other jurisdictions. *Zakroff v. May,* 8 Ariz.App. 101, 443 P.2d 916 (1968), and cases cited therein; *Treadaway v. Meador,* 103 Ariz. 83, 436 P.2d 902 (1968); *cf. Hancock v. Arizona Central Credit Union,* 24 Ariz.App. 167, 536 P.2d 1059 (1975).

"The sanctions of dismissal and entry of default judgment being so harsh, courts have expressed a preference for less drastic sanctions." *Zakroff v. May,* 8 Ariz. App. at 103, 443 P.2d at 918.

■ Since the conduct in question here appears to be that of the lawyer and not the litigant, *Treadaway v. Meador, supra,* we believe a less drastic sanction than discussed is in order and will be more likely to discourage and prevent such conduct in the future by counsel.

Rule 37(b), *supra,* provides an appropriate sanction for this case:

"Rule 37(b) Failure to comply with order

\* * \* \* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court *shall require* the party failing to obey the order *or the attorney advising him* or both to pay the reasonable expenses, including attorney's fees, caused by the failure, . . ." (Emphasis added)

While Arizona has no decisions discussing sanctions imposed directly upon the attorney, as opposed to his client, such a sanction is clearly contemplated by the rule and has been imposed elsewhere. *Szilvassy v. United States,* 71 F.R.D. 589 (S.D.N.Y. 1976); *Associated Radio Service Company v. Page Airways, Inc.,* 73 F.R.D. 633 (D.Texas 1977). *See also* 4A J. Moore & J. Lucas, Moore's Federal Practice, § 37.03 (2d ed. 1948 & Supp.1977–78).

We believe the record reflects a deliberate effort on behalf of appellant's counsel to subvert the purposes of the discovery rules and make the litigation a game of surprise, delay and chance. Whatever may be said about the court's various orders and the numerous hearings, there can be *no doubt* that counsel knew what was desired and there can be little question, in light of the complexities of this litigation and the variety of financial transactions potentially involved, that the appellees were entitled to all of the passbooks for purposes of discovery.

While we believe there to be little or no justification for the withholding of the requested passbooks from February of 1976 on, there was absolutely no possible justification after the order of the trial court of June 28, 1976. As was said by the court in *Szilvassy v. United States, supra:*

> "Since it is not clear to what extent, if any, plaintiff was at fault, and since it is abundantly clear to what extent plaintiff's counsel is at fault (as described above), the Court declines to dismiss the action, but will require plaintiff's counsel (and not plaintiff) to pay . . . reasonable expenses . . ., including attorney's fees." 71 F.R.D. at 594.

The judgment of the trial court dismissing the complaint is reversed and the cause is remanded with instructions to reinstate the complaint. In addition, the trial court is directed to hold a hearing for the purposes of determining the reasonable amount of expenses and attorneys fees incurred by the appellees as a result of the failure to comply with the trial court's order of June 28, 1976, including this appeal. After the hearing the trial court shall enter an appropriate order assessing such expenses and attorneys fees against the attorney for appellant, and not against appellant, including therein such provisions as are deemed necessary to insure that the appellant herself, regardless of the final outcome of this litigation, is not required to bear such expenses and attorneys fees.

Reversed and remanded.

HAIRE, P. J., and FROEB, C. J., concurring.