692 P.2d 309

**Vincent N. POLEO and Ann N. Poleo, his wife, Plaintiffs-Appellees,**

v.

**GRANDVIEW EQUITIES, LTD., an Arizona corporation, and William Parker and Sharon Parker, his wife, Defendants-Appellants.**

**No. 1 CA–CIV 6360.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 8, 1984.

---

Killian, Legg, Nicholas & Fischer by Charles W. Wirken, Mesa, for plaintiffs-appellees.

Kenneth K. Miller, Mesa, for defendants-appellants.

## OPINION

### KLEINSCHMIDT, Judge.

Grandview Equities appeals from a default judgment entered against it as a sanction for failure to comply with an order for production of documents.

The Poleos purchased a business from Grandview known as The Aquarium. The purchase price was $95,000, with a $23,000 down payment. Grandview provided the Poleos with a profit and loss statement and warranted it as a fair and accurate summary of the financial status of the business.

In late 1980 the Poleos brought a suit alleging that Grandview had induced the purchase by making fraudulent representations about the value of the business. In their suit the Poleos requested that the contract be reformed to provide that the $23,000 down payment be declared the purchase price of the business and that the $72,000 promissory note be cancelled.

In February of 1981, the Poleos made two separate discovery requests which were disregarded. First, they requested that certain documents be produced at the office of Grandview's counsel in late March of 1981. The Poleos also served nonuniform interrogatories which were likewise due to be answered by the end of March. There was no response to either request and the Poleos, in early April, moved for an order compelling discovery. Grandview responded with a motion for a protective order, citing privacy and irrelevancy as justifications for the failure to produce. In late May, the trial court ordered that some, but not all, of the requested documents be produced by June 19, 1981.

Two weeks before the deadline for production, Grandview asked for and received an extension of time until July 8, 1981 to produce the documents. On July 9, one day after the trial court's deadline for pro-

duction, Grandview responded to the order to produce which the court had entered in May. While Grandview did submit some of the requested documents, the company inexplicably "refuse(d) to submit" a variety of account books.

In late July, the Poleos requested that Grandview's answer be stricken and that default be entered for Grandview's refusal to comply with various discovery requests. Following a hearing, the trial court ordered that the defendant's answer be stricken and that default on the issue of liability be entered against Grandview. In late September, without notice or hearing, judgment was entered on Poleos' motion pursuant to Rule 55(b)(1), Arizona Rules of Civil Procedure. The trial court reformed the underlying sales agreement, specifying that the $23,000 already paid for The Aquarium was commensurate with the value of the business. The balance due under the promissory note was canceled. Subsequently, the trial court denied Grandview's motion for a new trial.

## JURISDICTION

The appellees challenge this court's jurisdiction. They argue that Grandview's action in moving for a new trial without moving to vacate the default under either Rules 55(c) or 60(c) precludes this court from hearing the appeal. Citing *Soltes v. Jarzynka*, 127 Ariz. 427, 621 P.2d 933 (App.1980), appellees contend that a motion to vacate default is a predicate to jurisdiction.

■ *Soltes* is not an exclusive catalogue of how a default judgment can be attacked. Appellants' motion for new trial under Rule 59(a)(1) gave the trial court sufficient opportunity for reconsideration to bestow jurisdiction on this court. *See J-R Const. Co. v. Paddock Pool Const.*, 128 Ariz. 343, 625 P.2d 932 (App.1981) (sanctioning Rule 59 as a means of attacking a Rule 37 default); *Sears Roebuck & Co. v. Walker*, 127 Ariz. 432, 621 P.2d 938 (App.1980) (accepting jurisdiction in the absence of any

request to rehear or set aside a default entered pursuant to Rule 37).

## THE DEFAULT JUDGMENT

 Grandview next claims that the imposition of default was an abuse of the trial court's discretion. Rule 37(b)(2)(C) authorizes "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ...." The trial court has discretion in imposing sanctions pursuant to Rule 37(b). *Fleitz v. Van Westrienen*, 114 Ariz. 246, 560 P.2d 430 (App.1977). This discretion is more limited, however, where the ultimate sanctions of dismissal or entry of default judgment are involved. *Golleher v. Horton*, 119 Ariz. 604, 583 P.2d 260 (App.1978). The trial court is to make "such orders in regard to the failure as are just" under Rule 37(b). Interpreting this language, the Supreme Court has held:

> [W]e think that Rule 37 should not be construed to authorize dismissal ... when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the party].

*Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (1958); *Sears, supra.* It is our function to review the record and determine whether there is a reasonable basis for the trial court's ruling. *Sears, supra.*

 In this case there was ample indicia of appellant's willful and bad faith failure to produce. Initially, separate requests were made for the production of documents and for answers to interrogatories. At no time before the· respective deadlines for discovery did Grandview object to production. Two weeks before the production ordered by the court was due, Grandview asked for and received an extension. Grandview then failed to meet the extended deadline, and later filed a "response" in which it flatly "refuse(d) to submit" to the court's order. Even when Grandview produced some of the ordered documents, it did not comply completely. For example, it produced only the first page of various tax returns.. It was not until it filed its motion for a new trial, months after the first request for production, that Grandview first asserted that the documents were unavailable. The tenor of Grandview's lack of cooperation is readily apparent.

## THE MOTION FOR NEW TRIAL

 Grandview further contends that the trial court abused its discretion in denying its motion for new trial. The only new claim in this motion was that the company had discovered that the requested documents were unavailable because they were in the possession of accountants who could not be located. Given the late discovery of this salient "fact", the trial court did not abuse its discretion in denying the motion for new trial.

## THE NECESSITY FOR NOTICE AND HEARING

·The final question is whether Rule 55(b)(2) applies when a default is entered as a sanction for an abuse of discovery.

The appellees contend that they did not need to give notice of the application for judgment pursuant to Rule 55(b)(2) because it was proper to enter such judgment by motion under Rule 55(b)(1) since the amount claimed was for a sum certain. We reject that argument. The appellees were, in effect, asking the court to determine that the value of the business was $23,000. Such a determination is subject to so many contingencies and value judgments that we do not think Rule 55(b)(1) applies.

The real question raised by this appeal is whether the appellees were required to give notice of the application for judgment to the appellants at least three days prior to a hearing on such application. Rule 55(b)(2) reads in pertinent part as follows:

> [T]he party entitled. to a judgment shall apply to the court therefor .... If the party against whom judgment by default

is sought has *appeared in the action*, he ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. (emphasis supplied).

 We hold that the party whose pleadings have been stricken as a sanction under Rule 37 must be given notice of the application for judgment as required by Rule 55(b)(2) because that party has "appeared" in the action. We reject the argument that since the appellants' answer was stricken, it is as if they had never appeared. It is true that this court, in *Hancock v. Arizona Central Credit Union*, 24 Ariz.App. 167, 169, 536 P.2d 1059, 1061 (1975), said that the procedural requirements of Rule 55 do not apply when default is entered as a sanction under Rule 37. That was dicta and we conclude it was wrong.

Our decision is supported by *Davis v. Fendler*, 650 F.2d 1154 (9th Cir.1981). There, the court struck the defendant's answer and entered judgment by default pursuant to Rule 37, Federal Rules of Civil Procedure, for a failure to make discovery. The case turned on the court's finding that the defendant had deliberately waived his right to a hearing pursuant to Rule 55(b)(2). 650 F.2d at 1162. It is, however, implicit in the holding that the defendant would have had a right to such a hearing absent his express waiver. *See, e.g., United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979) (Rule 55 hearing with notice was required where a default judgment was entered, without striking the answer, because the defaulted party had failed to make discovery). *In re Arthur Treacher's Francisee Litigation*, 92 F.R.D. 429, 436–437 (E.D.Pa.1981) (court ordered a hearing on damages after entering default for failure to answer interrogatories).

In *Sonus Corp. v. Matsushita Electric Industrial Co.*, 61 F.R.D. 644 (D.Mass. 1977), the court explicitly held that even if default is entered as a sanction for failure to make discovery, due process requires adherence to the procedural safeguards of notice and hearing. As *Sonus* recognizes, Rule 55(b)(2) embodies important concepts

of due process. Where no appearance whatsoever has been made it may be generally safe to assume that the defendant has no interest in defending the proceedings and judgment may be entered without notice. This assumption is less valid where default has been ordered as a sanction for failure to make discovery.

We affirm the order of the trial court striking the appellants' pleadings and entering default against them but vacate the remainder of the judgment and remand to the trial court to notice a hearing on the appellees' application for entry of judgment.

GREER and FROEB, JJ., concur.