NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TERESA CUEN,
*Plaintiff/Appellee,*

*v.*

PEDRO S. CUEN,
*Defendant/Appellant.*

No. 1 CA-CV 19-0105
FILED 3-25-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-052199
The Honorable Bruce R. Cohen, Judge
The Honorable Steven K. Holding, Judge *Pro Tempore Retired*

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Hymson Goldstein Pantiliat & Lohr, PLLC, Scottsdale
By John L. Lohr Jr., Lori N. Brown
*Counsel for Plaintiff/Appellee*

Pedro S. Cuen, Tucson
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1        Defendant Pedro S. Cuen ("Pedro") appeals from the superior court's entry of default as a sanction in favor of Teresa Cuen ("Teresa"), and denial of his motion to set aside the judgment.[1]  For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2007, Teresa began helping her brother, Pedro "Pete" Cuen ("Pete"), the father of defendant Pedro, by paying the mortgage, taxes, insurance, and upkeep on the house Pete owned in Maricopa County (the "Property").[2]  Pete made an oral promise to Teresa that "she could have the Property when he died."  Pete died in January 2017, without a will, and Teresa moved into the Property.  In November 2017, Pedro filed a probate affidavit and obtained title to the Property.  He then attempted to serve Teresa with a notice to terminate tenancy.  When Pete died, and for the duration of the lawsuit, Pedro was incarcerated in various correctional facilities operated by the Arizona Department of Corrections ("ADOC").

¶3        Teresa sued Pedro in April 2018 to quiet title to the Property. Pedro filed an answer, but failed to provide a disclosure statement as required by Arizona Rule of Civil Procedure 26.1 and instead filed multiple requests for an extension of time.  Teresa moved to compel a disclosure

---

[1]        Because the parties share the name Cuen, we will refer to them individually by their first names.

[2]        Because Pedro's statement of facts does not include citations to the record as required by ARCAP 13(a)(5), we have disregarded it and rely upon Teresa's statement of facts as well as our own review of the record. *See Sholes v. Fernando*, 228 Ariz. 455, 457 n.2 (App. 2011).  We invited both parties to file supplemental briefs and deny Teresa's motion to strike Pedro's supplemental brief.

statement, then moved for sanctions. The superior court granted Pedro a three-month extension and warned him that failure to file a disclosure statement could result in sanctions. When Pedro did not file a disclosure statement by the new October 2018 deadline, the court granted Teresa's renewed sanctions request, struck Pedro's answer, and entered default against Pedro. Teresa moved for a default judgment hearing. Pedro responded by filing a motion to dismiss. After holding a hearing in December 2018, the court entered a default judgment against Pedro, awarding Teresa the Property and her fees and costs. The court then denied Pedro's motion to dismiss and his subsequent motion to set aside the default judgment.

¶4　　　　Pedro timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1)-(2); *see also Sears Roebuck & Co. v. Walker*, 127 Ariz. 432 (App. 1980) (holding that entering default, and the resulting default judgment, as a sanction are appealable as a final judgment); *Hanen v. Willis*, 8 Ariz. App. 175, 178 (1968) ("[A]n order setting aside or refusing to vacate default judgment is a special order made after judgment and is therefore appealable.").

**DISCUSSION**

¶5　　　　We consider three issues on appeal. First, the superior court's entry of default as a sanction for a discovery violation without holding a hearing on the motion for sanctions. Second, Pedro's motion to set aside the resulting default judgment based on the failure to receive notice of the default judgment hearing. Finally, the court's order requiring Pedro to pay deferred court costs from his prisoner spendable account.

**I.　　Default as a Sanction.**

¶6　　　　Pedro argues the superior court denied him due process when it struck his answer and found him in default as a sanction. Although we generally review an order imposing a sanction for an abuse of discretion, "[t]his discretion is more limited" when the court enters default as a sanction. *Poleo v. Grandview Equities, Ltd.*, 143 Ariz. 130, 133 (App. 1984). Therefore, we "review the record and determine whether there is a reasonable basis for the trial court's ruling." *Id.*

¶7　　　　"It is well established that [a trial court] has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure . . . to comply with its orders." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 149, ¶ 29 (App. 2009) (alterations in original) (citation omitted). Courts have found that "a willful disregard of discovery obligations, bad faith, or

other fault by a party may form a valid basis for striking pleadings or entering default judgment." *Roberts v. City of Phoenix*, 225 Ariz. 112, 119, ¶ 27 (App. 2010); *see Poleo*, 143 Ariz. at 133 (finding a willful and bad faith failure to produce documents sufficient to impose a default); *see also Green*, 221 Ariz. at 154, ¶ 45 (identifying other factors courts consider). Although there is "a preference for a hearing to determine whether a [discovery violation] was willful or in bad faith and whether the circumstances justify drastic action," due process does not require a hearing prior to the imposition of sanctions "[w]here willfulness or bad faith or fault of the party is clear from the record." *Robinson v. Higuera*, 157 Ariz. 622, 624 (App. 1988).

¶8         Here, the superior court record was sufficiently clear to find Pedro at fault for his failure to provide the disclosure statement and that his conduct warranted the sanction. First, as a party proceeding *pro per*, there is no dispute that Pedro is responsible for any discovery violations. *See Hammoudeh v. Jada*, 222 Ariz. 570, 573, ¶ 9 (App. 2009) (finding hearing unnecessary when "it is apparent from the record, and undisputed, that [the party] was personally aware of, and responsible for, the inadequate discovery responses."). Second, the record supports a finding of a willful and bad faith failure to comply with the disclosure requirements. Pedro never provided a disclosure statement despite receiving a three-month extension by the court. The court placed Pedro on notice that failure to comply could result in sanctions, but he failed to respond to Teresa's renewed motion for sanctions. Further, the court found Pedro's delay prejudiced Teresa by exposing her "to greater and greater fees and costs." Finally, the record shows that the court considered imposing lesser sanctions. *See Montgomery Ward & Co. v. Superior Court*, 176 Ariz. 619, 622 (App. 1993) (noting court must consider "other, less severe, sanctions before resorting to the most extreme." (citation omitted)). The court found that "[t]he only viable sanction is to enter a default against Defendant."

¶9         Because the facts supporting the superior court's decision are apparent from the record, we cannot say the court abused its discretion by entering the sanction.

## II.    Denial of Motion to Set Aside Default Judgment.

¶10        Pedro also argues the superior court erred by denying his Rule 60(b) motion to vacate the default judgment. We generally review the denial of a motion under Rule 60 for an abuse of discretion, *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010), but we "review *de novo* whether a default judgment is void and should be vacated pursuant to Rule 60(b)(4)," *BYS Inc. v. Smoudi*, 228 Ariz. 573, 578, ¶ 18 (App. 2012) (as amended). "At

the outset we note that it is a highly desirable legal objective that cases be decided on their merits and that any doubts should be resolved in favor of the party seeking to set aside the default judgment." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983).

¶11        Pedro asserts the default judgment is void because his due process rights were violated when he did not receive notice of the default judgment hearing as required by Rule 55(b)(2)(C).  That rule provides, in relevant part, that:

> If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application for default judgment at least 3 days before the hearing.  The notice must include the date, time, and place of the hearing.

Ariz. R. Civ. P. 55(b)(2)(C).  If an appearing defendant does not receive the required written notice of the default judgment hearing, the default judgment is void.  *McClintock v. Serv-Us Bakers*, 103 Ariz. 72, 74 (1968); *BYS Inc.*, 228 Ariz. at 578, ¶ 21; *Gustafson v. McDade*, 26 Ariz. App. 322, 323 (1976).

¶12        Here, Teresa requested a default judgment hearing, and the judgment states that a hearing was held on December 4, 2018.  Although the record does not include a minute entry for this hearing, we take judicial notice that the superior court calendar shows the hearing scheduled for 1:30 p.m. on December 4, 2018.  *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (holding appellate court can take judicial notice of trial court records).  There is no evidence in the record, nor does Teresa assert, that Pedro received notice of the hearing.  Further, Pedro could not have appeared; the court's sanctions order vacated "any orders that mandated ADOC to make Defendant available by telephone for scheduled proceedings in this matter."  Because Pedro did not receive the requisite notice of the hearing, the default judgment is void.  Teresa's arguments to the contrary are unpersuasive.

¶13        Teresa first argues that the superior court correctly entered judgment "[p]ursuant to Ariz. R. Civ. P. 37(b)(2)(A)(vi) and 37(d)." However, this misstates the superior court's sanctions order, which directs that Teresa "may now seek a default judgment under Rule 55(b)."  The court's sanction did not abrogate Pedro's due process protections under Rule 55(b)(2).  *See Poleo*, 143 Ariz. at 134 ("Rule 55(b)(2) embodies important concepts of due process.").  As this Court previously held, a "party whose

pleadings have been stricken as a sanction under Rule 37 must be given notice of the application for judgment as required by Rule 55(b)(2) because that party has 'appeared' in the action." *Id.*; *see also Cook v. Steiner*, 22 Ariz. App. 505, 507 (1974) (remanding to allow defendant, defaulted under Rule 37(d), full participation at a Rule 55(b)(2) hearing).

¶14 Teresa then argues, without citing any authority, that Pedro received constructive notice of the default judgment hearing. Although Pedro received Teresa's motion requesting a default judgment hearing, and the court published the hearing date and time on its website, this is insufficient. The party must be served, and "[t]he notice must include the date, time, and place of the hearing." Ariz. R. Civ. P. 55(b)(2)(C).

¶15 Next, Teresa argues that no hearing was required because she sought quiet title to the Property, not money damages. Citing *Searchtoppers.com, LLC v. TrustCash LLC*, 231 Ariz. 236, 240-41 (App. 2012), Teresa asserts that an evidentiary hearing is limited to circumstances where the plaintiff seeks an award of unliquidated damages. But in *TrustCash*, the majority held that under Rule 55(b)(1) an appearing party is not entitled to a hearing when the damages are "liquidated" and "the defendant has been defaulted for failing to plead or otherwise defend." *Id.* at 239, ¶ 12; *but cf. BYS Inc.*, 228 Ariz. at 578, ¶ 20 (holding that an appearing defaulted party is always entitled to a hearing under Rule 55(b)(2)). The majority in *TrustCash* further noted that Rule 55(b)(1) "does not apply to parties who appeared prior to the entry of default but against whom default judgment has been entered as a sanction." 231 Ariz. at 239, ¶ 12 n.6 (citing *Poleo*, 143 Ariz. at 134). Because Pedro was not defaulted for failure to appear, the superior court could not enter judgment under Rule 55(b)(1) and was required to proceed under Rule 55(b)(2).

¶16 Finally, Teresa argues that any hearing on remand would be superfluous because the entry of default as a sanction in a quiet title case leaves nothing left to adjudicate. But quiet title actions are not immune from the requirements of Rule 55(b)(2). *See Yeast v. Fleck*, 58 Ariz. 469, 472 (1942) (holding that no default judgment could be entered against appearing defendant in quiet title action without "the three-day written notice and . . . opportunity to be heard thereon."). A party in default loses the right to litigate liability, but not the right to appear at the default judgment hearing or "introduce evidence concerning the extent of their liability." *Tarr v. Superior Court*, 142 Ariz. 349, 351 (1984). As this Court has often stated, the "language of Rule 55(b) evinces an intention to place broad discretion in the hands of the court to 'conduct such hearings' as would be in furtherance of 'establishing the truth of the averments' contained in the

complaint." *Dungan v. Superior Court*, 20 Ariz. App. 289, 291 (1973); *see Ariz. Dep't of Revenue v. Ariz. Tax Court (Citrus Heights)*, 165 Ariz. 47, 50 (App. 1990) (noting that trial courts should exercise their discretion in favor of allowing defendants to participate in default hearings).  The superior court did not exercise any discretion here, but instead scheduled a default judgment hearing for which only Teresa was given notice and an opportunity to be heard.  *See Dungan*, 20 Ariz. App. at 290 ("we do not construe this rule to mean that a 'hearing' *ipso facto* means a one-sided presentation by the party seeking the default judgment.").

**¶17**　　　　Thus, the court erred in denying Pedro's motion to set aside the default judgment.  Pedro also asserts that Teresa's complaint failed to state a cause of action.  *See S. Ariz. Sch. For Boys, Inc. v. Chery*, 119 Ariz. 277, 281-82 (App. 1978).  Because we vacate and remand to the superior court, we need not address this argument.

### III.　　Inmate Deferred Court Fees and Costs.

**¶18**　　　　At the superior court, Pedro applied for a deferral of court fees and costs.  Finding Pedro indigent, the court granted the deferral and ordered that "no payments will be due until further notice."  Later, the court issued an order for assessment and collection of inmate court fees and costs pursuant to A.R.S. § 12-302(E).  Pedro did not object to this order.  "Generally, we do not consider issues that were not raised in the superior court."  *TrustCash*, 231 Ariz. at 238, ¶ 8.  "However, this rule is procedural, not substantive, and may be suspended in our discretion."  *Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 482 (1986).  Because we conclude that the issue presented here, involving the interpretation of A.R.S. § 12-302(E), is an issue of law and a matter of statewide importance, we exercise our discretion to address the merits of Pedro's claim for fees and costs.  *See Dombey*, 140 Ariz. at 482.  We review the superior court's decision to require fees for abuse of discretion.  *See Tripati v. Tucker*, 222 Ariz. 372, 375, ¶ 11 (App. 2009).  "Whether the court properly interpreted the statute is a question of law that we review *de novo*."  *Id.* at 373, ¶ 3.

**¶19**　　　　The statute provides that if an applicant for a waiver or deferral of court costs, "is an inmate who is confined to a correctional facility operated by the state department of corrections and who <u>initiates a civil action or proceeding</u>, the inmate is responsible for the full payment of actual court fees and costs" and requires ADOC to "withhold twenty percent of all deposits into the prisoner's spendable account."  A.R.S. § 12-302(E) (emphasis added).  The purpose of § 12-302(E) is "to stem the tide of frivolous prisoner lawsuits."  *Beck v. Symington*, 972 F. Supp. 532, 536 (D.

Ariz. 1997). Adopting that interpretation, this Court noted the statute requires "inmates to make some economic choices" before filing a civil suit. *Inzunza-Ortega v. Superior Court*, 192 Ariz. 558, 560, ¶ 10 (App. 1998) (citing *Beck*, 972 F. Supp. at 536); *see also Ford v. State*, 194 Ariz. 197, 200, ¶ 11 (App. 1999) (noting "that Arizona inmates are now responsible for court fees and costs" when suing the state). Pedro did not initiate a civil action or proceeding before the superior court. Instead, Teresa initiated the quiet title action by filing suit against Pedro while he was incarcerated. Because the statute does not apply under these facts, the superior court erred in requiring Pedro to pay a portion of the deferred filing fees and costs from his prisoner spendable account. In contrast, this Court properly issued an order to collect fees on appeal pursuant to A.R.S. § 12-302(E) because, as the appellant, Pedro initiated the appeal. *See Inzunza-Ortega*, 192 Ariz. at 561, ¶ 16 (describing practice of ordering inmate costs incurred on appeal).

## IV.    Pedro's Remaining Arguments.

**¶20**        Pedro makes additional arguments objecting to the imposition of the sanction, including (1) access to the courts, (2) his motion to dismiss cured the default, (3) corruption of blood, and (4) rights against self-incrimination. These arguments are either waived or frivolous. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 355 (1996) (a prisoner's right of access to the courts is limited to challenging a conviction, sentence, or condition of confinement); *Groat v. Equity Am. Ins. Co.*, 180 Ariz. 342, 348 (App. 1994) (finding Rule 55(a), which provides 10 days to cure a default, "inapplicable where an answer is stricken as a discovery sanction"); *Morrisey v. Ferguson*, 156 Ariz. 536, 538 (App. 1988) (describing "early English penal requirement whereby a person convicted of a crime forfeited his land and personal property to the king."); *State v. $19,238.00 in U.S. Currency*, 157 Ariz. 178, 183 (App. 1987) ("[A] party to a civil action cannot, simply by invoking the Fifth Amendment right against self-incrimination, refuse with impunity to respond to proper discovery."); *see also Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived."). We also reject Pedro's argument that the superior court lacked jurisdiction due to an alleged defect with the summons because Pedro consented to personal jurisdiction by appearing in the action. *See* Ariz. R. Civ. P. 4(f)(3), (4) (voluntary appearance has "the same force and effect as if a summons had been issued and served.").

**CONCLUSION**

**¶21** We affirm the superior court's order striking Pedro's pleadings and entering default against him as a sanction but vacate the default judgment and remand to the superior court for a hearing, with proper notice, on Teresa's application for entry of judgment. *See Mayhew v. McDougall*, 16 Ariz. App. 125, 130 (1971) (recognizing court can "refuse to set aside a default and yet set aside the default judgment"). We further vacate the superior court's August 30, 2018, order for assessment and collection of inmate court fees and costs.[3]

**¶22** Because Pedro is incarcerated, it is within the superior court's discretion to allow him to attend the hearing in person or telephonically. *Ariz. Dept. of Econ. Sec. v. Valentine*, 190 Ariz. 107, 110 (App. 1997). If Pedro is to appear telephonically, the court must order ADOC to provide Pedro access to a telephone at the time of the hearing. *Id.*

**¶23** Teresa requests her attorney fees on appeal pursuant to A.R.S. § 12-1103(B). In our discretion, we decline to award her fees. Pedro also requests an award of his fees and costs. As a *pro per* litigant, he is unable to recover attorney fees. *Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 362 (App. 1987). Because both parties prevailed in part, we decline to award either party costs incurred on appeal. *See* ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3]     In addition to the usual distributions, a copy of this decision shall be mailed to the ADOC, Bureau of Business and Finance.