968 P.2d 631

**Jose Luis INZUNZA–ORTEGA,**
**Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Michael Jeanes, the Clerk of the Court, Respondent,**

**STATE of Arizona, Real**
**Party in Interest.**

No. 1 CA–SA 98–0120.

Court of Appeals of Arizona,
Division 1, Department C.

Nov. 10, 1998.

Jose Luis Inzunza–Ortega, Winslow, In propria persona Petitioner.

Grant Woods, Attorney General by Lorrie Luellig, Assistant Attorney General, Phoenix, and Richard M. Romley, Maricopa County Attorney by Joel Rudd, Deputy County Attorney Attorneys, Phoenix, for Real Party in Interest.

## OPINION

GRANT, Judge.

¶ 1   We accepted jurisdiction of this special action on June 24, 1998, and indicated a written decision would follow in due course. This is that decision.   Jose Luis Inzunza–Ortega ("Petitioner") filed this Petition for Special Action on April 27, 1998.   In his petition he alleged that, effective March 1, 1998, the Arizona Courts are forbidden to accept complaints from inmates, in prison for a felony conviction, unless and until the inmate pays the full filing fee in advance.   Petitioner, who is such an inmate, attempted to file a complaint with the Clerk of Maricopa County Superior Court.   The court's clerk rejected the complaint due to Petitioner's failure to pay, in advance, the $140 filing fee. In doing so, the clerk of the court relied on Arizona Revised Statutes Annotated ("A.R.S.") section 12–302(L)(2), effective March 1, 1998.   Petitioner then filed this special action seeking relief.

## FACTS AND PROCEDURAL HISTORY

¶ 2   Petitioner is a convicted felon incarcerated by the Arizona Department of Corrections ("ADOC").   Petitioner alleges that when he attempted to file a civil complaint in the Maricopa County Superior Court, the court's clerk returned his document unprocessed because Petitioner failed to pay the required filing fees.   Attached to this Petition for Special Action is a document from the court's clerk explaining why Petitioner's civil complaint was not processed.   That document states:

Pursuant to A.R.S. section 12–302(L)(2) effective March 1, 1998, "Neither a waiver nor deferral of court fees or costs shall be granted for:  ... Civil actions other than domestic relations cases that are filed by persons who at the time of filing the application are incarcerated as a result of a felony conviction."  You must pay the filing fee at the time of filing.

¶ 3   The applicable filing fees for this civil action are $140.   Petitioner asserts that he cannot afford to pay the full civil filing fee. A review of Petitioner's inmate bank account records for the past six months by the State reveals that he receives $50 approximately every three weeks.   The records also reveal that, during this same time frame, total deposits in his account equaled $400.   During this same period, Petitioner spent in excess of $350 at the inmate store.

¶ 4   Petitioner does not assert that he asked for a deferral of filing fees pursuant to A.R.S. section 12–302(M) or that the court's clerk denied such a request.   Petitioner asks this court to declare A.R.S. section 12–302(L)(2) an unconstitutional bar to his access to the courts.   The statute (A.R.S. section 12–302(L)(2)) provides that neither a waiver nor a deferral of court fees or costs shall be granted for civil actions, other than for domestic relations cases, filed by a person incarcerated as a result of a felony conviction at the time of filing.

¶ 5   The State did not file a response to this special action initially, probably because Petitioner failed to serve the State properly as required.   On June 3, 1998, this court issued an Amended Order, properly served on all parties, ordering both the Maricopa County Attorney and the Arizona Attorney General to file responses to the Petition for Special Action on or before June 15, 1998, answering the following two questions:

1.   Does A.R.S. section 12–302(L)(2) require Petitioner to pay court fees in advance in order to file his civil action?

2.   Does A.R.S. section 12–302(L)(2) unconstitutionally deprive inmates, convicted of felonies, of access to the Court?

¶6 On June 19, 1998, the State filed a response opposing the petition, in which Maricopa County joined.

## JURISDICTION

¶7 Petitioner has no adequate remedy by appeal and, clearly, other similarly situated inmates attempting to file civil actions may be affected by the statute. Therefore, Petitioner has standing and potentially the issue is one of statewide importance. The Court of Appeals will accept special action jurisdiction in a case that raises a constitutional issue of first impression and statewide importance when there is no adequate remedy in any other procedure or forum. *State v. Superior Court,* 187 Ariz. 411, 414, 930 P.2d 488, 491 (App.1996).

¶8 If A.R.S. section 12–302(L)(2) bars prisoners in ADOC facilities, who cannot pay the entire filing fee in advance, from filing civil actions, then the statute is unconstitutional. However, for reasons discussed below, we do not reach the constitutional issue in this case.

## ISSUE

Does A.R.S. section 302(L)(2) require Petitioner to pay civil filing fees in advance and unconstitutionally deprive him of access to the courts; and does Petitioner have standing to raise the issue that A.R.S. section 12–302(L)(2) denied him access to the courts?

## DISCUSSION

¶9 This case involves conflicting provisions of A.R.S. section 12–302, as amended, effective January 1, 1998. Copies of the text of the prior and current versions of the statute are attached as addenda to this opinion, as well as a copy of A.R.S. section 12–306, the text of which was incorporated in amended A.R.S. section 12–302.

¶10 The Federal District Court for Arizona held that Arizona statutes requiring inmates to pay court fees and costs did not affect an inmate's ability to gain access to the courts but simply forced inmates to make some economic choices such as whether to pay an initial payment of twenty percent,

with twenty percent installments thereafter. The statutes still allow filing of actions by inmates unable to pay. *Beck v. Symington,* 972 F.Supp. 532, 536 (D.Ariz.1997). Waiver of fees is required only in criminal trials and appeals; generally, waiver in civil suits is not required except when the suit involves a fundamental right and the state maintains a monopoly over settlement of a dispute involving that right. *Tahtinen v. Superior Ct.,* 130 Ariz. 513, 515, 637 P.2d 723, 725 (1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1021, 71 L.Ed.2d 308 (1982). Unless provided for by statute, expenditures by parties in civil proceedings are not recoverable as costs. A.R.S. section 12–341; *Ahwatukee Custom Estates Management Ass'n, Inc. v. Bach,* 191 Ariz. 87, 90, 952 P.2d 325, 328 (App.1997) (review granted, March 17, 1998).

¶11 Clear statutory language is conclusive unless the legislature clearly expresses an intent to the contrary. *Arizona Dep't of Revenue v. General Motors Acceptance Corp.,* 188 Ariz. 441, 444, 937 P.2d 363, 366 (App.1996). We presume that the legislature did not intend to do a futile thing by including in a statute a provision that is inoperative or invalid. *City of Mesa v. Killingsworth,* 96 Ariz. 290, 294–95, 394 P.2d 410, 413 (1964). This court may examine the development of the statute to help determine the legislative intent. *Brodsky v. City of Phoenix Police Dep't Retirement System Bd.,* 183 Ariz. 92, 95, 900 P.2d 1228, 1231 (App.1995). In construing statutes, appellate courts apply principles of statutory construction. *State v. Medrano–Barraza,* 190 Ariz. 472, 474, 949 P.2d 561, 563 (App.1997).

¶12 Arizona Revised Statutes section 12–302(L)(2), quoted in the superior court's form, was added to the text of A.R.S. section 12–302 in 1997. *See* Ariz. Sess. Laws 1997, Ch. 84, § 1. The legislature took the language from former A.R.S. section 12–306(L)(2) (*waiver* of costs for indigent), which was repealed when A.R.S. section 12–302 was amended, effective January 1, 1998. Section 12–302(L)(2) now provides that neither waiver *nor deferral* of court fees or costs "shall be granted" for civil actions (other than domestic relations cases) filed by persons "in-

carcerated as a result of a felony conviction." Section 12–302(N) defines a deferral as "either postponement of an obligation to pay fees or establishment of a schedule for payment of fees."

¶ 13   Section 12–302(E) is basically former A.R.S. section 12–302(B) with some additions.   Section 12–302(E) applies, as did former A.R.S. section 12–302(B), specifically to "an inmate who is confined to a correctional facility operated by the state department of corrections."   Unlike former A.R.S. section 12–302(B), however, A.R.S. section 12–302(E) contains language specifying that an inmate "who initiates a civil action or proceeding" is "responsible for the full payment of actual court fees and costs."   The remainder of A.R.S. section 12–302(E) provides a method for collecting costs and fees when a civil action is filed by an inmate "and when monies exist."   The statute requires a twenty percent initial payment, followed by yearly assessments of twenty percent against any deposits in the inmate's spendable income account until all fees and costs are paid. This method of payment—clearly a deferral—is essentially the same as the method contained in former A.R.S. section 12–302(B), except that A.R.S. section 12–302(E) also specifies who (the "Department of Corrections" or the "Clerk of the Court") is responsible for taking certain steps in the collection process.   Both former A.R.S. section 12–302(B) and A.R.S. section 12–302(E) close with the caveat that nothing in either subsection prohibits an inmate from filing a civil case if the inmate cannot pay the filing fees.

¶ 14   Because persons "confined to a correctional facility operated by the state department of corrections" are normally also persons "incarcerated as the result of a felony conviction," A.R.S. section 12–302(L)(2) seemingly conflicts with A.R.S. section 12–302(E) because it does not allow waiver or deferral of court filing fees while A.R.S. section 12–302(E) apparently allows deferral. Section 12–302(L)(2) also seems to conflict with new A.R.S. section 12–302(M) which provides: "This section does not limit the court's discretion in waiving, deferring, or ordering the county to pay any fees and costs as may be necessary and appropriate."

¶ 15   The form issued by the superior court clerk's office focuses on the language of A.R.S. section 12–302(L)(2) and ignores the provisions of A.R.S. sections 12–302(E) and (M).   The position of the superior court clerk's office is that anyone incarcerated as the result of a felony is no longer entitled to a waiver *or deferral* of court costs or fees.

¶ 16   The Clerk of this Court routinely enters orders assessing fees against the prison accounts of state prison inmates as provided in A.R.S. section 12–302(E).   The provisions of the current statute, A.R.S. section 12–302(E) and A.R.S. section 12–302(B), clearly specify that felons in state correctional facilities are entitled to a deferral.   To make sense of it, A.R.S. section 12–302(L)(2) must be interpreted as applicable to felons *not* incarcerated in state correctional facilities (i.e., those in county jails, federal prisons, out-of-state prisons).

¶ 17   We have examined copies of the policy statement and Order forms that were promulgated by the Arizona Supreme Court following the 1997 amendment of A.R.S. section 12–302.   On the surface, these do not appear to make any exception for the class of prisoners covered by A.R.S. section 12–302(E), but appear to perpetuate the interpretation espoused by the superior court providing that denial of deferral is warranted if "[t]he applicant is an incarcerated felon and this is not a domestic relations action."   *See* Order Regarding Deferral of Court Fees And/Or Costs And Consent to Entry of Judgments at 1; *see also* Policy and Procedures Statement, § X.   However, both the Order and policy statement acknowledge that the court has the discretion to waive or defer fees under A.R.S. section 12–302(M).

¶ 18   The intent of the proposed amendments seemed to be to reduce the instances of *complete* waiver of fees and provide deferral methods by which fees and costs could be recovered at the end of an action if an applicant or plaintiff became solvent.   Thus, A.R.S. section 12–302(E) now makes inmates responsible for full costs and fees while still permitting them to pay the money over time.

¶ 19   In adopting A.R.S. section 12–302(E), the legislature retained the provi-

sions of former A.R.S. section 12–302(B), which permitted deferral of fees for those felons incarcerated by ADOC. Therefore, the legislature clearly intended to continue the assessment of state inmate's fees and costs over time from their prison accounts. Petitioner, in this case, is a person incarcerated in a correctional facility operated by ADOC.

## DISPOSITION

¶ 20   The provisions of A.R.S. section 12–302(E) therefore apply to Petitioner in his civil case and permit his payment of the filing fee from his prison account pursuant to the provisions in that subsection. The fact that Petitioner may be responsible for paying all of his court costs and fees is not inconsistent with the fact that those costs may be paid over time.

¶ 21   We need not reach the question of whether A.R.S. section 12–302(L)(2) impedes access to the courts for other felons *not* incarcerated in ADOC facilities, because Petitioner is not in that category. We therefore do not determine whether that statutory

subsection unconstitutionally limits other inmates' access to the court.

¶ 22   Because Petitioner is an inmate "confined to a correctional facility operated by the state department of corrections," the superior court's clerk's office erred in applying the provisions of A.R.S. section 12–302(L)(2) in his case so as to disallow him the deferral provided by A.R.S. section 12–302(E). This court has accepted jurisdiction of this special action and remands the case with instructions to the Maricopa County Superior Court, to permit Petitioner to file his civil action and to allow the court's clerk to collect applicable costs and fees pursuant to A.R.S. section 12–302(E).

JAMES B. SULT, Judge, SUSAN A. EHRLICH, Judge, concur.