395 P.3d 1114

Thomas Jonathan CHANTRY, Petitioner,

v.

The Honorable Bradley H. ASTROWSKY, Visiting Judge of the Superior Court of Arizona, in and for the County of Maricopa, Respondent Judge,

State of Arizona, ex rel., Sheila Sullivan Polk, Yavapai County Attorney, Real Party in Interest.

No. 1 CA-SA 17-0081

Court of Appeals of Arizona, Division 1.

FILED 4/27/2017

Law Office of John M. Sears PC, Prescott, By John M. Sears, Counsel for Petitioner

Yavapai County Attorney's Office, Prescott, By Susan L. Eazer, Counsel for Real Party in Interest

Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

## OPINION

SWANN, Judge:

¶1 This special action requires us to decide the constitutionality of A.R.S. § 13-3961(A)(4) and the corresponding portion of Ariz. Const. art. II, § 22(A), which provide that a person in custody must be denied bail if he or she is charged with molestation of a child under the age of fifteen and the proof is evident or the presumption great that he or she is guilty.

¶2 The petitioner, Thomas Jonathan Chantry, is being held without bail under § 13-3961(A)(4). He seeks special-action relief from the superior court's refusal to consider his entitlement to bail under the standard prescribed by § 13-3961(D), which imposes a higher burden on the state. We accepted jurisdiction by earlier order because the issue is one of first impression and statewide importance, and Chantry has no adequate remedy by appeal. *Inzunza-Ortega v. Superior Court (State)*, 192 Ariz. 558, 560, ¶7, 968 P.2d 631 (App. 1998); *Costa v. Mackey*, 227 Ariz. 565, 569, ¶6, 261 P.3d 449 (App. 2011).

¶3 The supreme court recently held, in *Simpson v. Miller* ("*Simpson II*"), that § 13-3961(A)(3) and the corresponding portion of Ariz. Const. art. II, § 22(A), are facially unconstitutional. 241 Ariz. 341, 349, ¶31, 387 P.3d 1270 (2017). Section 13-3961(A)(3) is identical to § 13-3961(A)(4) in all respects except that the former statute pertains to those charged with sexual conduct with a person under the age of fifteen, rather than molestation of a person under the age of fifteen. Molestation of a person under the age of fifteen is a lesser-included offense of sexual conduct with a person under the age of fifteen. *State v. Ortega*, 220 Ariz. 320, 328, ¶¶24–25, 206 P.3d 769 (App. 2008). Both the greater and the lesser offense "can be committed by a person of any age, and may be consensual." *Simpson v. Miller*, 241 Ariz. at 349, ¶27, 387 P.3d 1270. Because *Simpson II* holds that bail cannot be denied under the standard prescribed by § 13-3961(A) for the greater offense, the statute is *a fortiori* invalid with respect to the lesser offense. In view of *Simpson II*, we must hold that § 13-3961(A)(4) and the corresponding portion of Ariz. Const. art. II, § 22(A), are facially unconstitutional.

¶4 Consistent with *Simpson II*, Chantry may be held without bail under § 13-3961(D), which provides that a person charged with a felony may be held without bail if, after a hearing, the court finds by clear and convincing evidence that the proof is evident or the presumption great that the person committed the offense, that the person poses a substantial danger to another person or the community or engaged in conduct constituting a violent offense, and that no condition or combination of conditions of release may be imposed that will reasonably assure the safety of the other person or the community. 241 Ariz. at 349–51, ¶¶29, 31, 387 P.3d 1270.

¶5 Though the state contends that the court already made the requisite findings, our review of the record reveals otherwise. The court, in denying Chantry's motion for reconsideration of the denial of his request for a hearing under *Simpson II*, did indicate at one point that the state had proved dangerousness in the initial bail hearing by clear

and convincing evidence. But the court then clarified that dangerousness was "still subject to litigation" because it "wasn't on the table at th[e] time" of the initial hearing and Chantry therefore might have additional evidence to present. Further, the court stated that it had no evidence and therefore made no finding regarding whether release conditions could reasonably assure the safety of others and the community.

¶ 6 For the foregoing reasons, we grant relief. Chantry cannot be held without bail absent compliance with the procedures and the entry of the findings contemplated by § 13-3961(D).