215 P.3d 382

**In re the Marriage of Lawrence T. SEIDMAN, Petitioner/Appellee,**

v.

**Barbara A. Meale Rogers SEIDMAN, Respondent/Appellant.**

No. 1 CA–CV 08–0281.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 25, 2009.

Stanley David Murray, Attorney at Law, by Stanley D. Murray, Scottsdale, Attorneys for Petitioner/Appellee.

Jones, Skelton & Hochuli, P.L.C. by Eileen Dennis GilBride and Lori L. Voepel, Phoenix, Attorneys for Respondent/Appellant.

## OPINION

SWANN, Judge.

¶ 1 In this dissolution proceeding, Barbara A. Meale Rogers Seidman ("Wife") appeals from a default judgment stemming from her failure to attend her deposition. For the following reasons, we reverse and remand.[1]

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 On April 11, 2006, Lawrence T. Seidman ("Husband") commenced this dissolution proceeding. On September 7, Wife's counsel wrote to Husband's counsel concerning Wife's scheduled September 13 deposition, demanding that Husband provide "full and complete responses" to her discovery re-quests by the next day. It is undisputed that Wife did not attend her September 13 deposition.

¶ 3 On September 14, 2006, Husband filed a motion for protective order regarding the scope of Wife's uniform interrogatories and request for production of documents. In response, Wife filed a motion to compel Husband to (1) fully respond to the uniform interrogatories; (2) provide a complete Affidavit of Financial Information; and (3) comply with the request for production of documents. Wife also requested sanctions against Husband in the form of attorneys' fees incurred in bringing the motion to compel.

¶ 4 At a return hearing on September 19, the court set an evidentiary hearing on temporary orders to be spread over four sessions on November 27–30. The court also set a trial date of January 17, 2007, and ordered both parties to complete disclosure at least 30 days before trial.

¶ 5 On November 13, 2006, the court held an emergency telephonic hearing at which counsel for Husband and Wife were present without their clients. Wife's counsel indicated that his client had a letter from her doctor stating that, due to medical reasons, she was unable to participate in her deposition, which had been rescheduled for November 14, 2006. The court ordered "that absent a detailed, signed letter from her doctor, stating that Wife's health is in imminent danger by appearing for the deposition, the Court will not grant a continuance of Wife's deposition." The order further provided that "[i]f Wife fails to appear for the scheduled deposition without a physician's note specifying the health risks involved, detailed enough to satisfy Husband's counsel that her appearance would be detrimental to her health, counsel shall contact this Court for an enforcement determination."

¶ 6 On November 14, 2006, Wife's counsel sent a second doctor's letter. In that letter, the doctor explained that he had been treating Wife for the past four months for depression, anxiety, hypertension, postmenopausal

---

1. We issued our decision in this case in the form of a Memorandum Decision on April 28, 2009. Appellant filed a Motion for Publication, which Appellee did not oppose. Accordingly, we have redesignated our amended decision as an opinion pursuant to ARCAP 28.

symptoms, and polyarthralgia. Further, the doctor opined that Wife's "depression and anxiety has deteriorated and she should not be placed in any undue stressful situations at this time. There is concern that she may be at risk for her life if she is exposed to a stressful situation, acutely or sub-acutely."

¶7 Husband did not contact the family court for an enforcement determination upon receipt of the second letter, and Wife did not attend her November 14, 2006 deposition. On November 17, 2006, Husband filed a motion for sanctions for Wife's failure to attend her deposition, seeking several remedies, including default.[2]

¶8 During a conference on November 22, 2006, the court set a telephonic oral argument on Husband's motion for sanctions for December 1, 2006. In the corresponding minute entry, the court set the matter for a fifteen-minute "Return Hearing." Wife stipulated and requested that the December 1 hearing be vacated.

¶9 Upon review of Husband's motion for sanctions, the court found Wife's failure to "appear for her November deposition was not justified by medical or legal excuse, especially after [sic] given notice of the extra scrutiny that the Court would take of her alleged medical condition. The doctor's letters were generalized and inadequate." Further, the court did "not fault [Wife's] counsel, but ... conclude[d] that [Wife] has not been forthcoming to her attorneys." The family court granted Husband's motions for entry of default as a sanction, awarded attorneys' fees and vacated the trial.

¶10 Husband filed an affidavit in support of the default decree, and Wife objected. On March 29, 2007, the court issued a minute entry in which it held:

> There was irresistible evidence against [Wife] as to dishonesty and manipulation of [Husband] and the Court. She was

warned specifically and repeatedly of the risk of failing to attend discovery. A simple reading of the Court's ruling would convince anyone that the doctor's excuse was not adequate. The Court concluded that the doctor did not present more evidence of [Wife's] unavailability for the deposition because there was no valid medical basis for avoiding the deposition. A *Wayne Cook* hearing is not needed because the cause of the default was not the actions of the attorney's [sic] but of the client.

The family court found Husband's application for attorneys' fees deficient and set the matter of damages and entry of decree for a three hour evidentiary hearing on September 10, 2007.

¶11 On July 2, 2007, Husband filed a motion for clarification of the orders, arguing that there should be no discovery or disclosure and that Wife should only be permitted to cross-examine Husband without presenting any affirmative evidence on her behalf. Wife argued that she should be allowed to fully present her case. On August 30, 2007, the court held a telephonic conference and granted Husband's request to limit Wife's participation in the hearing on damages to cross-examination.

¶12 On September 6, 2007, Wife filed an expedited motion to set aside default and an expedited motion for stay. The family court summarily denied both motions on September 10, 2007.

¶13 On March 13, 2008, the court filed a signed decree of dissolution. Wife timely appeals, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 12–2101(B) (2003).

## II. DISCUSSION

¶14 Wife argues that the family court erred when it entered a default judgment

---

2. The motion was not accompanied by the separate statement of moving counsel required by Arizona Rule of Family Law Procedure 51(F). That Rule provides that "[n]o discovery motion will be considered or scheduled unless a separate statement of moving counsel is attached thereto certifying that, after personal consultation and good faith efforts to do so, counsel have been unable to satisfactorily resolve the matter." Because Husband's counsel's evident failure to attempt to resolve the matter before seeking the ultimate sanction was not raised by Appellant in her opening brief, we do not reverse on this ground. It merits note, however, that adherence to Rule 51(F) and good faith consultation among counsel might well have served to eliminate this costly detour in the proceedings and secured a prompt determination on the merits.

against her as a sanction for a discovery violation because (1) the court did not conduct an evidentiary hearing or make specific findings in support of the default; (2) Wife was not allowed to present evidence on her own behalf at the hearing on damages; and (3) there was no legal justification for the entry of default. Husband argues that (1) Wife waived her right to an evidentiary hearing, or in the alternative that a hearing is not required in every case; (2) the family court considered lesser sanctions; (3) limiting Wife to cross-examination of Husband was proper in a default hearing on damages; and (4) an entry of default as a sanction was proper. We consider each issue in turn.

## A. Waiver

■ ¶ 15 On appeal, Husband contends Wife waived her right to an evidentiary hearing when she requested that the hearing set for December 1, 2006 on Husband's motion for sanctions be vacated. We disagree.

¶ 16 In its November 22, 2006 minute entry, the family court set the December 1 hearing regarding Husband's motion for sanctions as a fifteen-minute "Return Hearing." Under the Rules of Family Law Procedure, a return hearing is an organizational event in the post-decree setting, analogous to a resolution management conference—it is not an evidentiary hearing. *See* Ariz. R. Fam. L.P. 91(N); Form 14.

¶ 17 The transcripts of the November 22 telephonic conference provide further confirmation that neither the court nor Husband's counsel intended to conduct an evidentiary hearing on December 1, 2006. During that conference, the court stated that it would not "need a long time for oral argument." Husband's attorney inquired whether the hearing would be "telephonic or in person." The court responded, "[w]hichever you like. Telephonic would be fine." Husband's attorney responded that he would let the court know "the day before whether I'm going to come down or not." Because the court never scheduled an evidentiary hearing, we conclude that Wife did not waive her right to such an evidentiary hearing when she stipulated and requested that the December hearing be vacated.

## B. The Need for an Evidentiary Hearing

■ ¶ 18 We review a trial court's sanction for discovery violations for a clear abuse of discretion. *See Lenze v. Synthes, Ltd.,* 160 Ariz. 302, 305, 772 P.2d 1155, 1158 (App. 1989) (striking pleadings reviewed for abuse of discretion); *see also Zimmerman v. Shakman,* 204 Ariz. 231, 235, ¶ 10, 62 P.3d 976, 980 (App.2003) (exclusion of evidence reviewed for abuse of discretion). But "[t]he trial court's discretion in entering a default for failure to comply with an order compelling discovery is more limited than when it employs lesser sanctions." *Lenze,* 160 Ariz. at 305, 772 P.2d at 1158 (citation omitted). And the "trial court's power to employ the ultimate sanctions of dismissal or entry of default judgment is circumscribed by due process considerations." *Id.* (citations omitted).

■ ¶ 19 Before a court may enter a default judgment as a discovery sanction, due process requires that it hold an evidentiary hearing to determine whether the fault of the discovery violation lies with the party or with counsel. *Id.; see Zimmerman,* 204 Ariz. at 233, ¶ 2, 62 P.3d at 978 (dismissal for nondisclosure must be accompanied by evidentiary hearing to determine whether party or counsel is at fault); *Montgomery Ward & Co. v. Superior Court (Garcia),* 176 Ariz. 619, 621, 863 P.2d 911, 913 (App.1993) (court may be required to hold evidentiary hearing).

■ ¶ 20 At the evidentiary hearing, the court must make express findings as to (1) whether the fault for the violation lies with the client or counsel; (2) whether the violation was committed willfully or in bad faith; and (3) whether the egregiousness of the violation warrants the ultimate sanction of dismissal or some lesser sanction. *See Zimmerman,* 204 Ariz. at 237, ¶ 23, 62 P.3d at 982 (evidentiary hearing required to make specific findings as to what evidence is not disclosed and the appropriate sanction); *Montgomery Ward & Co.,* 176 Ariz. at 622, 863 P.2d at 914 (court must make adequate inquiry and findings of whether discovery process has been abused and, if so, the degree of the abuse and whether lesser sanc-

tions would be appropriate); *Birds Int'l Corp. v. Ariz. Maint. Co.*, 135 Ariz. 545, 547, 662 P.2d 1052, 1054 (App.1983) (hearing preferred to determine if non-compliance due to willfulness or bad faith); *Zakroff v. May*, 8 Ariz.App. 101, 104, 443 P.2d 916, 919 (1968) (same).

¶ 21 In this case, the court declined to schedule an evidentiary hearing because it inferred that the "cause of the default was not the actions of the attorney's [sic] but of the client." This inference constituted error because it presupposed the result of the hearing and failed to address all of the issues to be considered at the evidentiary hearing.

### i. Fault of Party or Counsel

¶ 22 "[W]hen the trial court provides findings on discovery issues, we owe them 'great deference.'" *Rivers v. Solley*, 217 Ariz. 528, 531, ¶ 15, 177 P.3d 270, 273 (App.2008) (citation omitted). Here, there are no such findings—the court provided no explanation as to why it found Wife at fault rather than her attorney, except to state that Wife "has not been forthcoming to her attorneys." The record does not reveal the basis for this conclusion.

¶ 23 The facts suggest that Wife's attorney, at the very least, communicated to her that a second letter from her doctor was necessary if she wanted to be excused from her deposition. But the determination whether Wife was "forthcoming" is not possible from this record. Without an evidentiary hearing, neither we nor the trial court can know whether Wife was willfully engaging in obstructionist conduct, whether she was relying in good faith on the advice of counsel as to the adequacy of the second doctor's letter or whether another set of circumstances prevented her attendance at her deposition.[3]

¶ 24 Even assuming, *arguendo*, that the record clearly demonstrated Wife was solely at fault for the discovery violation, the court was still required to make an express finding that the violation was willful as a predicate to the entry of a dispositive sanction.

¶ 25 Contrary to the court's finding that "[a] simple reading of the Court's ruling would convince anyone that the doctor's excuse was not adequate," that written ruling was not available to the parties before the scheduled deposition. On November 13, 2006, Wife's doctor opined that "[d]ue to medical conditions, [Wife] is not able to give [sic] deposition on Tuesday, November 14, 2006." That same day, the court held a telephonic conference regarding Wife's deposition, in which neither party personally participated. The minute entry following the telephonic conference was written on November 13, 2006, but it was not filed with the court until November 21, 2006–after Wife's scheduled November 13 deposition. Accordingly, Wife could not have "read" the order and personally concluded that the second doctor's note was inadequate before deciding not to attend the deposition.

¶ 26 The court may well have been correct in its view that Wife's medical condition as described in the two notes was insufficient to warrant a delay of her deposition. But during the November 13, 2006 telephonic conference, when Wife's counsel asked for clarification as to what the court needed to be convinced that her deposition should be delayed, the court responded that "it needs to be a life-threatening condition." It is possible, therefore, that both Wife and her counsel believed in good faith that the language in the doctor's note, which explained that "[t]here is a concern that she *may be at risk for her life* if she is exposed to a stressful situation, acutely or sub-acutely," would be satisfactory to the court. (Emphasis added.)

¶ 27 The belief that the second letter was sufficient may also have been reinforced by the fact that Husband's attorney did not comply with the November 13 court order and contact the court for an enforcement determination upon receipt of the letter. Instead, Husband filed a motion for sanctions without complying with Rule 51(F) three days after Wife's scheduled deposition. We disapprove of this practice. *See Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287, 896 P.2d

---

**3.** It should also be noted that during the November 22, 2006 telephonic conference regarding Husband's motion for sanctions, Husband's attorney stated that "I frankly think [Wife's counsel] should be [sic] the brunt of some of the sanctions."

254, 257 (1995) ("The disclosure rules and sanctions were not meant to thwart that goal [of maximizing the likelihood of a decision on the merit s] by encouraging litigants to lie in wait for their opponents to miss a deadline and then use that momentary transgression to get a case effectively dismissed."); *id.* at 288, 896 P.2d at 258 (Factors the court should consider in determining whether there is good cause to admit untimely disclosed evidence include "prejudice to either side that may result from excluding or allowing the evidence, the opposing party's (or attorney's) action or inaction in attempting to resolve the dispute short of exclusion, and the overall diligence with which a case has been prosecuted or defended").

¶ 28 Further, the record does not support the court's finding that Wife was warned "*repeatedly* of the risk of failing to attend discovery." (Emphasis added.) Wife was scheduled to be deposed on at least two separate occasions. But the only time the court affirmatively ordered attendance at a deposition was during the emergency telephonic conference on November 13, 2006—a conference in which neither Wife nor Husband were present. Although the family court presumed that "at the very least [Wife], through Counsel, knew that—what the risks were" if she did not attend her deposition, we cannot.

¶ 29 The basis for the court's finding that there was "irresistible evidence" of Wife's "dishonesty and manipulation" of Husband and the court is also unclear. In his motion for sanctions, Husband alleged that Wife made false representations in her pleadings, whereby she contended that she was unable to support herself because she had been unemployed throughout the marriage. In that same motion, Husband also alleged that Wife was not in fact sick because she was absent from home on the day of the deposition and did not return until approximately 7:30 p.m. The former allegation proves little concerning whether Wife's absence from her deposition was willful or in bad faith, while the latter allegation may bear on this issue. Without an evidentiary hearing, Husband's assertion that Wife was not ill on the date of her scheduled deposition remains an unsupported allegation that was not subject to cross-examination or any burden of proof. While an evidentiary hearing may ultimately support the court's suspicion that Wife's failure to attend her deposition was in bad faith, the record on appeal does not support such a finding.

### ii. Consideration of Lesser Sanctions

¶ 30 "Arizona courts have expressed a preference for less drastic sanctions than dismissal." *Birds Int'l Corp.*, 135 Ariz. at 547, 662 P.2d at 1054. "The sanction of dismissal is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery, and that the court has considered and rejected lesser sanctions as a penalty." *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 149, ¶ 12, 993 P.2d 1110, 1113 (App.1999) (citation omitted); *see Montgomery Ward & Co.*, 176 Ariz. at 622, 863 P.2d at 914 (the record must reflect the court considered less severe sanctions before resorting to the most extreme); *Nesmith v. Superior Court (Chives Rest., Inc.)*, 164 Ariz. 70, 72, 790 P.2d 768, 770 (App.1990) (same). "Ordinarily, this requires an evidentiary hearing." *Wayne Cook Enters., Inc.*, 196 Ariz. at 149, ¶ 12, 993 P.2d at 1113 (citation omitted). Here, the record does not indicate that the family court "thoroughly considered other, less severe, sanctions before resorting to the most extreme." *Montgomery Ward & Co.*, 176 Ariz. at 622, 863 P.2d at 914 (citations omitted).

¶ 31 Without express findings from the court that it thoroughly considered whether less severe sanctions would suffice, we cannot conclude that Wife was afforded due process.

### C. Attorneys' Fees on Appeal

¶ 32 Both parties request an award of attorneys' fees. Wife's request was made pursuant to A.R.S. § 25–324 (Supp.2008). In our discretion, we decline to award fees to either party.

### III. CONCLUSION

¶ 33 For the foregoing reasons we reverse the trial court's entry of default as a sanction

414

against Wife for her failure to appear for her deposition, and remand for further proceedings.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and PATRICK IRVINE, Judge.