NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JACQUELIN FITCH, *Petitioner/Appellee,*

*v.*

JAMES CHARLES FITCH, JR., *Respondent/Appellant.*

No. 1 CA-CV 15-0202 FC
FILED 1-21-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-004303
The Honorable Timothy J. Thomason, Judge

**VACATED AND REMANDED**

COUNSEL

The Murray Law Offices PC, Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellee*

Michael J. Shew Ltd., Phoenix
By Michael J. Shew
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

¶1        James Charles Fitch, Jr. ("Husband") appeals the family court's order denying his motion to set aside a default decree. Husband argues the court erred by failing to conduct an evidentiary hearing before entering the default decree. We agree, and therefore we vacate the decree and remand this case to the family court to conduct an evidentiary hearing.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In September 2014, Jacquelin Fitch ("Wife") filed a Petition for Dissolution of Non-Covenant Marriage Without Children. Husband, representing himself, filed a timely response. Wife filed a request to set a Resolution Management Conference ("RMC"). The family court granted the request and issued an Order to Appear ("RMC Order") requiring the parties to appear in person for an RMC on January 5, 2014. Wife personally served Husband with the RMC Order on November 26, 2014.

¶3        The RMC Order included the following language in capital letters and boldface type:

> Both parties, together with their counsel, if represented, **shall appear in person**, and be prepared to discuss the final resolution and, if necessary, pre-hearing management of all pending petitions in this case. **IF ONLY ONE PARTY APPEARS, THE COURT MAY ENTER A DEFAULT AGAINST THE ABSENT PARTY, AND ALLOW THE PARTY THAT APPEARS TO PROCEED BY DEFAULT. IF BOTH PARTIES FAIL TO APPEAR, THE ACTION MAY BE DISMISSED.**

The order also warned, in boldface type and underlined, that:

**<u>Failure to obey this order in all respects may subject the offending party or counsel to all sanctions provided and allowed by court rule, statute or other law.</u>**

¶4        The RMC occurred as scheduled on January 5, 2015.  Wife appeared in person; her attorney appeared by telephone.  Husband, however, failed to appear at the RMC.  In determining whether to proceed in Husband's absence, the family court noted the RMC Order directed Husband to appear in person and that Wife had served Husband with the RMC Order.  As a result, the court stated its intent to enter a default decree against Husband, and directed Wife's counsel to lodge a dissolution decree with the court.  The court also stated a default might not be entered if Husband appeared and explained his absence prior to Wife's submission of the default decree.

¶5        On January 9, 2015, the court filed a minute entry stating a default had been entered against husband for his failure to appear at the RMC.  The court signed and entered a default decree submitted by Wife on January 16, 2015.[1]

¶6        The day before entry of the default decree, Husband filed a Motion to Set Aside Default Ruling and to Re-Set Resolution Management Conference.  In his motion, Husband stated he had mis-calendared the RMC, which he claimed constituted excusable neglect.  He also asserted he had "meritorious defenses" for his claims of spousal maintenance, waste of community assets, and fair and equitable division of property and debts.

¶7        In a minute entry dated January 28, 2015, and filed February 2, 2015, the court denied Husband's motion to set aside the default decree.  This ruling preceded the time allotted for Husband to file a reply to Mother's response had expired.[2]  In its ruling, the family court found Husband "had more than adequate notice" of the proceedings, the entry

---

[1]      The decree was signed by the court on January 15, 2015; the record does not reflect the actual date the decree was submitted by Wife's counsel to the court.

[2]      Wife filed her response to Husband's Motion to Set Aside on January 22, and served Husband with the response by mail.  As a result, the deadline for Husband to file his reply was February 5.  *See* AZ ST RFLP Rule 4(A); 35(A)(4).

of judgment by default was appropriate, the decree was fair and reasonable, Husband's motion did not show how setting aside the default Decree would have resulted in any different orders, and Husband had failed to show any meritorious defense.

**¶8** On February 2, the same day the family court entered its ruling, Husband filed his reply. In his reply, Husband alleged he had been the victim of a severe beating on December 15, and may have suffered a concussion. As a result, Husband claimed he experienced physical and mental problems that impaired his ability to comply with the RMC Order. The court, however, did not consider these assertions in denying Husband's motion to set aside the default decree.

**¶9** Husband timely filed an appeal from the family court's order.

## Discussion

**¶10** Husband argues the family court was required to conduct an evidentiary hearing before it entered the default decree. Based on the facts of this case, we agree.

**¶11** We review a court's denial of a motion to set aside a default judgment for an abuse of discretion. *Christy A. v. Ariz. Dep't. of Econ Sec.*, 217 Ariz. 299, 305, ¶ 19 (App. 2007), citing *Richas v. Super. Ct. of Ariz. In & For Maricopa Cty.*, 133 Ariz. 512, 514 (1982). Generally, a court has broad discretion in imposing sanctions for violations of its orders. *Estate of Lewis v. Lewis*, 229 Ariz. 316, 323, ¶ 18 (App. 2012). However, when a court imposes severe sanctions such as dismissal or entry of default, its discretion "is more limited than when it employs lesser sanctions." *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009).

**¶12** A "court's power to employ the ultimate sanctions of dismissal or entry of default judgment is circumscribed by due process considerations." *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305 (App. 1989). "[D]ue process requires adherence to the procedural safeguards of notice and hearing." *Poleo v. Grandview Equities, Ltd.*, 143 Ariz. 130, 134 (App. 1984).[3] Therefore, before entering a default judgment the court must hold

---

[3] Arizona Rule of Family Law Procedure 44(B)(2) is consistent with this case law. It states "[i]f the party against whom judgment by default is sought has appeared in the action, that party or, if appearing by representative, that party's representative shall be served with written

an evidentiary hearing and make "findings as to (1) whether the fault for the violation lies with the client or counsel; (2) whether the violation was committed willfully or in bad faith; and (3) whether the egregiousness of the violation warrants the ultimate sanction of dismissal or some lesser sanction." *Seidman*, 222 Ariz. at 411, ¶¶ 19–20. However, if the facts relevant to each of these issues are "apparent from the record," a hearing is not required. *Hammoudeh v. Jada*, 222 Ariz. 570, 572, ¶ 7 (App. 2009).

¶13 Here, it is apparent from the record that Husband, as a pro per litigant, is solely responsible for his failure to attend the RMC. However, whether Husband acted willfully or in bad faith is not readily apparent from the limited record in this case. In particular, Husband raised an issue about his physical and mental condition that may have had a bearing on his failure to appear at the RMC. The family court, however, denied Husband's motion to set aside the default decree without considering this possible explanation for Husband's nonappearance. Husband had the due process right to be heard on this issue. *Poleo*, 143 Ariz. at 134. Additionally, the family court's findings, as well as the record, do not indicate whether the family court considered imposing lesser sanctions than entry of default for Husband's single failure to appear.

¶14 Accordingly, we conclude the family court erred in failing to conduct an evidentiary hearing before entering the subject default decree. As a result, we vacate the default decree and remand this case to the family court to conduct an evidentiary hearing.

---

notice of the application for judgment at least three (3) days prior to the hearing on such application." RFLP Rule 44.

**CONCLUSION**

**¶15** For the reasons stated above, we vacate the decree entered in this case and remand to the family court for an evidentiary hearing. In the exercise of our discretion, we deny both parties' request for attorneys' fees under A.R.S. § 25-324.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama