NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JULIO C. PACHECO, *Petitioner/Appellee,*

*v.*

TERRA MICHELE MILLER, *Respondent/Appellant.*

No. 1 CA-CV 18-0299 FC
FILED 3-12-2019

Appeal from the Superior Court in Maricopa County
No. FC2017-054721
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Garnice Law, P.L.L.C., Scottsdale
By Victor A. Garnice
*Counsel for Petitioner/Appellee*

Canterbury Law Group, L.L.P., Scottsdale
By Craig Peter Cherney, Jonathan P. Ibsen,
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O N E S**, Judge:

**¶1**        Terra Miller (Mother) appeals the family court's orders sanctioning her and awarding Julio Pacheco (Father) sole legal decision-making, primary residential parenting time, and child support. For the following reasons, we affirm the determination of paternity, vacate sanctions against Mother, and remand the issues of legal decision-making, parenting time, and child support for a new trial.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In October 2017, Father filed a petition related to the parties' then-seven-year-old son (Child).[1] Father, who resides in Indiana, sought a determination of paternity, sole legal decision-making, primary residential parenting time, and child support. At a resolution management conference in November 2017, the family court set trial for April 2018, and ordered the parties to meet face-to-face at least ten days before trial to discuss settlement and prepare pretrial statements. The court ordered the parties to file the pretrial statements, current affidavits of financial information (AFI), and all proposed exhibits no later than five days before trial. The court warned the parties that failure to comply with the court's orders could result in "the imposition of any and all available sanctions pursuant to [the] Arizona Rules of Family Law Procedure, including proceeding to hear th[e] matter by default."

**¶3**        The parties did not meet face-to-face as ordered. Father timely filed a separate pretrial statement, his AFI, and proposed exhibits. Father's pretrial statement noted Mother had not provided any disclosure. The day before trial, Mother filed a separate pretrial statement that was

---

[1]        "We view the facts in the light most favorable to sustaining the family court's ruling." *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522, ¶ 1 n.1 (App. 2007) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

almost entirely blank and did not include an AFI. Father immediately moved to sanction Mother's non-compliance with the pretrial order.

¶4         Before the trial started, Mother explained she thought the parties were supposed to prepare the pretrial statements together and did not start preparing her own statement until she saw Father had filed his own. The family court found no good cause for Mother's non-compliance, granted Father's motion for sanctions, and, without further explanation or findings, determined it would "not hear[] from Mother" on any issue. As a result, Mother was prohibited from offering evidence or argument, cross-examining witnesses, and contesting Father's evidence.

¶5         At trial, the Court Appointed Advisor (CAA) testified Mother was largely unresponsive to both the CAA and personnel at Child's school and had difficulty providing Child with consistency, structure, and appropriate medical care. The CAA believed Father was the more stable parent but expressed concerns about the effect an abrupt move to another state would have on Child. The CAA did not make a specific recommendation regarding parenting time but did express some support for an arrangement whereby Child would spend the summer with Mother and the school year with Father.

¶6         After noting two other professionals had counseled against moving Child from Arizona, the family court granted Father's request for primary residential parenting time and sole legal decision-making. The court then went off the record to allow the parties to discuss the details of Child's transition to Father's home in Indiana. After the parties had reached a partial agreement, Mother disputed that the parenting-time arrangement was in Child's best interests. Noting Mother's objection, the court ordered Child move to Indiana with Father immediately, awarded Father sole legal decision-making, awarded Mother child support arrearages, ordered Mother to pay future monthly child support, and awarded Father attorneys' fees as an additional sanction for Mother's non-compliance with the pretrial order.

¶7         Mother appealed the order. However, pursuant to our duty to independently determine whether we have jurisdiction to hear the appeal, we determined the family court's order was not a final, appealable order, *see* Ariz. R. Fam. Law Proc. 78(c), because the court did not enter an

order establishing paternity.[2]  Pursuant to *Eaton Fruit Co. v. Cal. Spray-Chemical Corp.*, 102 Ariz. 129 (1967), we suspended this appeal and revested jurisdiction with the family court to enter a "written order that resolves all the issues contained in Father's petition."  The parties stipulated to Father's paternity and the court entered an order establishing paternity.  However, the order prepared by counsel and signed by the court failed to "recite[] that no further matters remain pending and that the judgment is entered under Rule 78(c)."  Ariz. R. Fam. Law Proc. 78(c).  Rather than suspend the appeal again to obtain the correct order, this Court, in its discretion, treats this appeal as a special action and accepts jurisdiction of the same.[3]  *See Monique B. v. Duncan*, 245 Ariz. 371, 374, ¶ 9 (App. 2018) ("Although 'highly discretionary,' accepting special action jurisdiction is particularly appropriate where the welfare of children is involved.") (quoting *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 303, ¶ 6 (App. 2014)).

**DISCUSSION**

**¶8**        Mother argues she was denied due process when the family court modified legal decision-making and parenting time through the equivalent of a default judgment.  Mother argues the court should have held a hearing to determine whether a lesser sanction would be appropriate.  Although we generally review an order imposing a sanction for discovery violations for an abuse of discretion, a court's discretion is more limited when it enters a default judgment than when it employs a lesser sanction.  *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009) (citing *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305 (App. 1989)).  A court's "power to employ the ultimate sanction[] of . . . entry of default judgment is circumscribed by due process considerations," *id.*, which entitle a party to "notice and an opportunity to be heard at a meaningful time and in a meaningful manner," *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011) (quoting *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006)).  *See also Smart v. Cantor*, 117 Ariz. 539, 542 (1977) ("[A] parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding.") (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)).  We

---

[2]        At the November 2017 resolution management conference, the court found Father had established paternity, however, no final order was ever entered establishing paternity.

[3]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

review due process claims *de novo*. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014) (quoting *Mack v. Cruikshank*, 196 Ariz. 541, 544 (App. 1999)).

**¶9** If a party fails to comply with pretrial orders, Arizona Rule of Family Law Procedure 76.2(b) authorizes the family court to enter an order "prohibiting the disobedient party from supporting or opposing designated arguments, or from introducing designated matters in evidence."[4] However, before a court can completely deny the errant party from participating in the matter, thereby effectively imposing a default judgment, it must make an express finding that lesser sanctions were considered but inappropriate. *Seidman*, 222 Ariz. at 413, ¶ 30 (quoting *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 149, ¶ 12 (App. 1999), and citing *Montgomery Ward & Co. v. Superior Court*, 176 Ariz. 619, 622 (App. 1993), and *Nesmith v. Superior Court*, 164 Ariz. 70, 72 (App. 1990)). Moreover, before imposing any sanction in a custody matter, the family court must consider the effect of the sanction on the court's ability to determine the best interests of the child at issue. *Hays v. Gama*, 205 Ariz. 99, 103-04, ¶¶ 22-23 (2003).

**¶10** The record here does not demonstrate the family court thoroughly considered any other, less severe, sanctions before resorting to the most extreme. Without these findings, we cannot conclude that Mother was afforded due process. *See Seidman*, 222 Ariz. at 413, ¶ 31. Additionally, the sanction effectively precluded potentially significant information regarding Child's bests interests from being considered. Mother, as Child's custodial parent for the past eight years, had valuable information regarding Child's current medical and educational needs that was relevant to determining the best allocation of decision-making authority and parenting time. The court had other options by which to vindicate its authority, and thus erred in choosing to punish Mother's non-compliance in a way that impacted its ability to consider Child's best interests. *See Hays*, 205 Ariz. at 104, ¶ 23.

**¶11** The family court's sanction resulted in two additional errors. First, the court abused its discretion when it precluded Mother from

---

[4]    At the time of the hearing at issue here, the imposition of sanctions for failing to participate in a family court proceeding were governed by Arizona Rule of Family Law Procedure 76(D) (2018). This rule was renumbered as Rule 76.2(b), effective January 1, 2019, and amended to clarify the conduct subject to sanctions and further delineate the available penalties. These amendments do not affect the substance of the rule, and, for clarity, we cite its current version.

participating in the trial once default judgment was entered. Even when a case proceeds by default, "a defaulted party has a right to participate in any further proceedings that will culminate in a judgment." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 306, ¶ 23 (App. 2007) (citing *Dungan v. Superior Court*, 20 Ariz. App. 289, 290 (1973), and then *Mayhew v. McDougall*, 16 Ariz. App. 125, 130 (1971)); *see also* Ariz. R. Fam. Law P. 44.2(d) ("[I]f a defaulted party appears, the court must allow that party to participate in the hearing to determine what relief is appropriate or to establish the truth of any statement.") (formerly Ariz. R. Fam. Law P. 44(B)(2) (2018)). Thus, Mother should not have been precluded from all participation.

¶12 Second, the family court erred in failing to make the best-interest findings required to be made on the record "[i]n a contested legal decision-making or parenting time case." A.R.S. § 25-403(B). The record suggests the court believed it did not need to make express findings, either because the case had proceeded by default or because the parties had ostensibly reached a partial agreement on parenting time, thus rendering the case uncontested. However, in the course of placing the parties' partial agreement on the record, Mother specifically disputed that the change in the parenting time arrangement was in Child's best interests. The record thus reflects that parenting time was contested, and the court was required to make "specific findings on the record about all relevant factors and the reasons for which the decision [was] in the best interests of the child." A.R.S. § 25-403(B). Should the issue remain contested on remand, the court must make the required findings on the record. *See Reid v. Reid*, 222 Ariz. 204, 207, 210, ¶¶ 12, 20 (App. 2009) (concluding the failure to make findings required by A.R.S. § 25-403(B) constitutes legal error) (citing *In re the Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5 (App. 2002)).

## CONCLUSION

¶13        The order establishing paternity is affirmed.

¶14        Because the family court did not consider less severe sanctions or the impact of its decision on its ability to assess Child's best interests before imposing the ultimate sanction of a default judgment, we vacate the order imposing sanctions, including the award of attorneys' fees. We remand the legal decision-making, parenting time, and child support orders for a new trial, after which the court shall consider the appropriate factors and make the findings required by A.R.S. § 25-403(B). However, to minimize the disruption to Child's life, the current legal decision-making, parenting time, and child support orders shall remain in place pending resolution on remand.

