NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JAY E. ZANDELL, *Petitioner/Appellant,*

v.

JENNIFER ZANDELL, *Respondent/Appellee.*

No. 1 CA-CV 18-0732 FC
FILED 11-21-2019

Appeal from the Superior Court in Maricopa County

Nos. FC2007-051542
FC2007-051546(Consolidated)

The Honorable Jennifer Ryan-Touhill, Judge

**REVERSED AND REMANDED**

COUNSEL

Fromm Smith & Gadow, P.C., Phoenix
By Jared Sandler
*Counsel for Petitioner/Appellant*

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

---

**M c M U R D I E** , Judge:

**¶1**         Jay E. Zandell ("Father") appeals from a judgment modifying legal decision-making and parenting time. Finding the court erred, we reverse and remand.[1]

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father and Jennifer Zandell ("Mother") were divorced by consent decree in 2008. In the decree, the parties agreed to joint legal decision-making authority regarding their two children. In 2018, both parties petitioned to modify decision-making authority and parenting time. The court scheduled a trial and ordered the parties to submit pretrial statements no later than seven days before the hearing. The court's minute entry warned the parties that failure to comply with the court's orders without good cause could result in "the imposition of any and all available sanctions pursuant to [Rule 76.2] Arizona Rules of Family Law Procedure, including proceeding to hear th[e] matter by default based upon the evidence presented by the appearing party."

**¶3**         Both parties represented themselves at the trial. Mother filed a pretrial statement; Father did not. When Father appeared for the trial, he claimed that he had been out of town, and therefore he could not file his statement. The court found Father did not have good cause for failing to comply with the court order and held him in default. Father stated that he brought exhibits for the court and Mother and that there was nothing in the exhibits that Mother had not seen, but he was "certainly open to any . . . challenges." The court responded, "Well, I—I'm not actually getting to the point as to whether or not she has any challenges, because I do." The court stated that it was "not going to hear from [Father] today" because "it would be patently unfair in these circumstances to tell both of you these are my orders, these are the orders you have to follow, these are the steps you

---

[1]       We deny Appellee's motion to partially strike the reply brief.

have to follow. Mom follows the steps, you do not, but you both get to have as much time as you believe is necessary to present your evidence." The court explained to Father that he could remain in the courtroom, but the court would only be hearing from Mother. The court dismissed Father's petition for modification, and prohibited him from offering evidence or argument, cross-examining witnesses, or contesting Mother's evidence.

**¶4** After the trial, the court granted Mother sole legal-decision making authority over the two children, and ordered that Father's parenting time be under the supervision of a therapeutic interventionist. The court then determined child support and reimbursement for medical expenses. Father timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5** Father argues the court denied him due process when it held him in default and denied him the right to present evidence or cross-examine Mother. "[A] parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding." *Smart v. Cantor*, 117 Ariz. 539, 542 (1977). Although we generally review an order imposing a sanction for an abuse of discretion, when the court dismisses a petition or enters a default judgment, the court's discretion is more limited than when it employs a lesser sanction. *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009). We review *de novo* whether the court afforded a party due process of law. *Jeff D. v. DCS*, 239 Ariz. 205, 207, ¶ 6 (App. 2016).

**¶6** If a party fails to comply with pretrial orders, Arizona Rule of Family Law Procedure ("Rule") 76.2(b) authorizes the superior court to "make such orders with regard to such conduct as are just," including striking a pleading, not allowing the noncompliant party to present evidence, dismissing the action, and not allowing the noncompliant party to "support or oppose designated claims or defenses." Ariz. R. Fam. Law P. 76(D) (2018);[2] *accord* Rule 76.2(b) (2019). The court warned the parties that if either failed to comply with the court's orders, it could proceed to hear the matter by default.

---

[2] The Arizona Rules of Family Law and Procedure were revised effective January 1, 2019. For the purposes of this decision, there are no substantive changes. Therefore, we cite to both the rule in effect at the time of trial and the corresponding new rule.

**The Court Erred by Proceeding by Default Regarding Legal Decision-Making Authority and Parenting Time.**

¶7        When Father appeared for trial, he admitted that he had not filed his pretrial statement as the court ordered. After questioning Father, the court found that no good cause existed and "defaulted" him. While the court's minute entry warned Father of the possibility of a default as a sanction for the failure to comply with the order to file a pretrial statement, the penalty imposed was not authorized or justified under the circumstances. *See Estate of Lewis v. Lewis*, 229 Ariz. 316, 327, ¶ 32 (App. 2012) ("[A]n isolated instance of unpreparedness would not justify the imposition of severe sanctions such as dismissal and default, absent aggravating circumstances or prejudice . . . ."); *Pacheco v. Miller*, 1 CA-CV 18-0299, 2019 WL 1125872 at *2, ¶ 9 (App. March 12, 2019) (mem. decision). The sanction effectively absented Father from the trial. Father was unable to contest the allegations in Mother's petition with his evidence, nor could he test Mother's evidence through cross-examination. The court heard Mother's evidence presented through her testimony and rendered the judgment at the same time. Father, although present, was not permitted to assist the court in determining the appropriate relief and the truth of any statement. This was error.

¶8        The court explained to Father that he was precluded from participating because he had "been defaulted . . . because [he] did not follow Court orders." *But See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 16 (2003) (error to preclude evidence for "willful failure to comply" with a court order if it prevents the court from determining the best interests of the child). The court erred by excluding potentially important information regarding the children's best interests without considering whether a lesser sanction could achieve the court's objective. *Id.* at 103, ¶ 20 (court has an "overriding obligation to consider the best interests of the child in determining custody"). A sanction "should generally be limited to the least possible power adequate to the end proposed," especially when the sanction impacts an innocent third party. *Id.* at 102, ¶ 17 (quotation omitted). A sanction that prevents the presentation of evidence or cross-examination is disfavored because "the child's best interest is paramount." *Id.* at 102, ¶ 18; *see also* Rule 44(G) (2018); *accord Sundstrom v. Flatt*, 244 Ariz. 136, 138, ¶ 7 (App. 2017) (the court is to grant legal decision-making consistent with the best interests of the child even if the party has not petitioned for such relief); *Volk v. Brame,* 235 Ariz. 462, 467–69, ¶¶ 15–18, 23–24 (App. 2014) (it is a violation of the basic principle of due process to resolve contested facts absent two critical checks of our adversarial system: sworn in-person testimony subjected to cross-

examination). Sanctions excluding evidence in a child custody dispute could conflict with these overriding principles. *Hayes*, 205 Ariz. at 103, ¶ 21. This is not to say that the court must admit all evidence or evidence whose untimely disclosure is prejudicial to the other party, *see Johnson v. Provoyeur*, 245 Ariz. 239, 243–44, ¶¶ 16–17 (App. 2018), but rather, the court must consider whether the imposition of a sanction will affect the court's ability to determine the best interests of the child. *Hays*, 205 Ariz. at 103–04, ¶¶ 22–23.

**¶9** Here, the court merely noted that Father failed to file a pretrial statement and an affidavit of financial information as ordered; therefore, it declined to hear testimony from Father and ordered Father's petition dismissed. There is nothing in the record to indicate that "the [court] thoroughly considered other, less severe, sanctions before resorting to the most extreme." *Nesmith v. Superior Court (Chives Rest., Inc.)*, 164 Ariz. 70, 72 (App. 1990). We do not know the content of the exhibits or Father's testimony. The court did not ask Mother if she objected to Father's exhibits or attempt to determine whether the untimely proffer prejudiced Mother. Without these findings, we cannot conclude that Father was afforded due process. *See Seidman*, 222 Ariz. at 413, ¶ 31.

## CONCLUSION

**¶10** The modification order is vacated, and the case is remanded for further proceedings. Because we are remanding for further proceedings, we decline to address Father's argument that the court failed to make specific findings according to A.R.S. § 25-403.

**¶11** Mother requests attorney's fees on appeal under A.R.S. § 25-324 and Rule 21 of the Arizona Rules of Civil Appellate Procedure. In our discretion, we decline to award attorney's fees to either party. Because Father prevailed, we award him costs under A.R.S. § 12-341 upon compliance with Arizona Rule of Civil Appellate Procedure 21.

