NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

BRENDA ELIZABETH SANCHEZ, *Petitioner/Appellee*,

*v.*

JOAQUIN JAIME, *Respondent/Appellant*.

No. 1 CA-CV 20-0454 FC

FILED 4-29-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-070228
The Honorable Lisa Ann VandenBerg, Judge

**VACATED AND REMANDED IN PART, AFFIRMED IN PART**

COUNSEL

Michael J. Shew Ltd., Phoenix
By Michael J. Shew
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1　　　　Joaquin Jaime ("Father") challenges the superior court's entry of a default decree as a sanction for his failure to comply with discovery and disclosure orders. Father also challenges the court's contempt finding and associated fee award. For the following reasons, we vacate the default decree but affirm the contempt finding and fee award.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　Brenda Elizabeth Sanchez ("Mother") petitioned for dissolution of the parties' marriage in May 2019. The parties have two children, including one minor child and another that turned 18 during the pendency of these proceedings.

¶3　　　　The superior court set a resolution management conference ("RMC") at Mother's request, for February 3, 2020 ("February RMC"). The court ordered both parties to appear in person and "be prepared to discuss the final resolution and, if necessary, pre-trial management of this case." The court cautioned that if only one party appeared at the February RMC, the appearing party may proceed by default. The court also directed both parties to "fully complete and file a Resolution Statement as required by Rule 76(B), Arizona Rules of Family Law Procedure."

¶4　　　　Neither party complied with the superior court's order to file a resolution management statement. And Father failed to attend the February RMC, so the superior court reset it for March 5, 2020 ("March RMC"). While denying Mother's request to proceed by default, the superior court stated it would entertain finding Father in contempt at the March RMC.

¶5　　　　Both parties filed proposed resolution statements for the March RMC and Father's counsel withdrew. The superior court then addressed Mother's counsel and Father, discussing "the status of the above-captioned case, the status of discovery, and what efforts Father has made to participate in resolution of the above-captioned matter." Father was sworn

in during this proceeding. The superior court then entered the following orders:

> **IT IS ORDERED** directing Father to provide counsel for Mother with copies of his January and February direct deposit stubs by counsel's close of business [sic] on Wednesday, March 11, 2020.
>
> **IT IS FURTHER ORDERED** directing Father to provide counsel and file with the Clerk of Court, and provide this Court's division with a copy of his completed Affidavit of [Financial] Information, along with all financial documents referenced thereto by Wednesday, March 18, 2020.
>
> **IT IS FURTHER ORDERED** directing Father to provide Mother's counsel with copies of his direct deposit paycheck stubs for the period of May 2019 and December 2019 by March 27, 2020.
>
> **IT IS FURTHER ORDERED** that Father shall appear at the office of Mother's counsel . . . on March 27, 2020 at 10:00 a.m. for mediation. Father shall bring to the mediation any documents he believes would help resolve the issues listed in the Petition and the Response.
>
> **IT IS FURTHER ORDERED** that Father shall appear at the office of Mother's counsel . . . on March 27, 2020 at 1:30 p.m. for his deposition. Failure to appear may result in the issuance of a civil arrest warrant.
>
> . . .
>
> **IT IS ORDERED** directing Father to comply with all requests made by Mother's counsel with regard to discovery and disclosure.
>
> **LET THE RECORD REFLECT** the Court directs Father to read and comply with the

disclosure rule, Rule 49, *Arizona Rules of Family Law Procedure*, as well as the discovery rule, Rule 51, *Arizona Rules of Family Law Procedure.*

**IT IS FURTHER ORDERED** directing both parties to disclose any and all financial information that is tied to them.

¶6 Approximately one month later, Mother asked the court to set a default hearing, contending Father failed to comply with any of the court's orders. Mother also noted Father emailed her counsel the day before the scheduled mediation and deposition, stating "he was in Mexico and the borders were closed." Father did not respond to the motion, and the court set a hearing for June 4, 2020.

¶7 Father appeared at the June 2020 hearing, which the court conducted online. The court allowed Father to respond to Mother's motion but did not swear him in. When asked if he had provided his January and February direct deposit stubs, Father said that "whatever she asked me, I emailed it to her," but he could not recall any details. He also admitted to not filing a financial information affidavit, but he contended it was unnecessary because Mother breached an agreement where he would keep the parties' Mexico property and she would keep the parties' United States properties. Father also said he could not attend the mediation or the deposition because "[w]e had to stay at home because of COVID."

¶8 The superior court found Father failed to comply in good faith with the court's March orders and found his inability "to provide the Court with meaningful dates for the things he has alleged he has done" to be neither persuasive nor credible. It sanctioned him under former Arizona Rule of Family Law Procedure ("ARFLP") 76(D), barring him from "support[ing] or oppos[ing] the designated claims provided in the petition and described in the previous pleadings by Mother." *See* ARFLP 76.2(b)(2). The court also found Father in contempt for violating the March orders and awarded Mother reasonable attorneys' fees and costs. It later entered a default decree: (1) granting the parties joint legal decision-making authority; (2) declaring Mother the primary residential parent with Father receiving significant weekend parenting time; (3) ordering Father to pay $1,478 in monthly child support; and (4) dividing the community assets, including properties in Mexico and the United States.

¶9 Father timely moved to alter or amend the default decree, arguing the default entry was unduly severe and that he was denied due

process. Father also challenged the default decree, arguing the superior court "did not admit any documentary evidence to support the findings and orders." The court denied Father's motion and awarded Mother $8,750 in attorneys' fees and costs. Father timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.        Default Decree

**¶10**        The superior court may sanction a party that "fails to participate in good faith in a conference, hearing, or trial." ARFLP 76.2(a)(4). Available sanctions include "prohibiting the disobedient party from supporting or opposing designated arguments, or from introducing designated matters in evidence" and "rendering a default judgment, in whole or in part, against the disobedient party." ARFLP 76.2(b)(2), (6). These sanctions are also available if a party fails to obey an order to provide or permit discovery or comply with a disclosure or discovery rule. ARFLP 65(b)(1)(B), (F).

**¶11**        The superior court has broad discretion in ruling on disclosure and discovery matters. *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018). But the court's discretion is more limited when entering a default for failure to comply with an order compelling discovery. *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009). We review the court's choice of sanctions for an abuse of that discretion. *Id.*

**¶12**        Due process considerations also limit the court's authority to enter default. *Id.* (quoting *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305 (App. 1989)); *see also Montgomery Ward & Co., Inc. v. Superior Court (Garcia)*, 176 Ariz. 619, 622 (App. 1993) ("The heavier the sanction contemplated, the more deliberate the process that is due and the more thorough the findings that should be made."). Due process in this context generally requires an evidentiary hearing, after which the court must make express findings as to: (1) whether the fault for the violation lies with the client or counsel; (2) whether the violation was committed willfully or in bad faith; and (3) whether the egregiousness of the violation warrants the ultimate sanction of dismissal or some lesser sanction. *Seidman*, 222 Ariz. at 411, ¶¶ 19–20.

**¶13**        The first *Seidman* factor does not apply because Father did not have counsel after the court entered its March orders. And while the court found Father had not acted in good faith, it made no findings as to the third *Seidman* factor, nor does it appear that it considered any other available sanctions under ARFLP 65 or 76.2. Failing to consider lesser sanctions is an

abuse of discretion. *See id.* at 413, ¶ 31; *see also Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 149, ¶ 12 (App. 1999) (reversing dismissal sanction in part because the superior court made no findings as to whether it "considered and rejected lesser sanctions as a penalty").

**¶14**        The superior court also failed to swear Father in and he did not testify at the June default hearing. *See* ARFLP 44.2(d) (court must allow defaulted party who appears "to participate in the [default] hearing to determine what relief is appropriate or to establish the truth of any statement"). And the record is largely silent as to whether the default decree's legal decision-making authority, parenting time, and child support provisions are consistent with the children's best interests. Indeed, Mother only testified that she believed the default decree was fair and equitable. *See Hays v. Gama*, 205 Ariz. 99, 102–03, ¶ 18 (2003) (superior court should consider whether sanctions "unnecessarily interfere[] with its duty to consider the child's best interests in determining custody").

**¶15**        For these reasons, we vacate the default decree. On remand, the court must hold a full evidentiary hearing on Mother's motion for default and must consider lesser sanctions if it finds Father's conduct to be sanctionable. *See Montgomery Ward & Co.*, 176 Ariz. at 622 (the record must reflect "that the trial court thoroughly considered other, less severe, sanctions before resorting to the most extreme") (quoting *Nesmith v. Superior Court (Chives Rest., Inc.)*, 164 Ariz. 70, 72 (App. 1990)). We thus do not reach Father's substantive challenges to the default decree.

## II.        Contempt and Attorneys' Fees

**¶16**        Father also challenges the court's contempt ruling and attorneys' fees award. A civil contempt order is not appealable unless its substance or effect, beyond including a finding of contempt, renders it appealable pursuant to § 12-2101. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 148, ¶ 21 (App. 2009) (quoting *State v. Mulligan*, 126 Ariz. 210, 216 (1980)). We must dismiss any portion of an appeal over which we lack jurisdiction. *Natale v. Natale*, 234 Ariz. 507, 509, ¶ 8 (App. 2014).

**¶17**        The contempt order in this case does not fall within the *Green* exception because it only awarded Mother reasonable attorneys' fees and costs. *See United Farm Workers Nat. Union v. Heggblade-Marguleas-Tenneco, Inc.*, 21 Ariz. App. 514, 515 (App. 1974). We may, however, exercise our discretion to treat Father's challenge as a special action. *Id.* at 516. Father's appeal challenges the default decree and contempt order, both of which the superior court issued the same day. Given this timing, Father did not forego

an opportunity to file a special action and then later attempt to revive the non-appealable contempt issue through this appeal. We thus choose to exercise our discretion and review Father's challenge to the contempt order. Our decision to exercise special action jurisdiction in this instance should not be construed as encouraging the bootstrapping of non-appealable issues to ordinary appeals.

¶18            We review the order for an abuse of discretion. *Stoddard v. Donahue*, 224 Ariz. 152, 154, ¶ 9 (App. 2010). Father first contends "a disobedient party must be given an opportunity to be heard prior to ordering him or her to pay the movant's reasonable expenses incurred in filing a motion to compel." *See* ARFLP 65(a)(4)(A), 92(b)(3). Generally, "an indirect contempt requires that the alleged contemnor be given advance notice of the charge, an opportunity to be heard, and present testimony in his own behalf." *Ong Hing v. Thurston*, 101 Ariz. 92, 99 (1966). As noted above, the court gave notice after the February RMC that it would "entertain making a finding with regard to contempt as to Father" at the March RMC. Father was sworn in at the March RMC, and the court's minute entry indicates he testified about his efforts "to participate in resolution of the . . . matter." Father did not provide a transcript of the March RMC. We therefore must presume his testimony supported the superior court's contempt finding. *Auman v. Auman*, 134 Ariz. 40, 42–43 (1982).

¶19            Father contends the court could not award attorneys' fees because Mother filed her motion "before attempting in good faith to obtain the disclosure or discovery without court action." ARFLP 65(a)(4)(A)(i). The court had already ordered Father to provide the requested disclosures when Mother filed her motion.

¶20            Father also contends the court failed to make findings under A.R.S. § 25-324(A), which requires the court to "consider[] the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings" before awarding reasonable costs and expenses. The court did not award fees and costs under § 25-324(A), but rather as "an additional appropriate consequence" of Father's contemptuous conduct. Father offers no factual support for his contentions that the court awarded fees "unrelated to the sanction" or that the $8,750 fee award was not a "proportional remedy." We therefore affirm the award.

**III.        Attorneys' Fees on Appeal**

**¶21**        Father requests an award of attorneys' fees under § 25-324(A). After considering the parties' financial resources and their arguments on appeal, we decline his request. We do not award Mother attorneys' fees or costs because she did not file an answering brief.

**CONCLUSION**

**¶22**        We vacate the default decree and remand for a full evidentiary hearing on Mother's motion for default. We affirm the superior court's contempt finding and associated fee award.



AMY M. WOOD • Clerk of the Court
FILED:    AA